Cheshire, &rbrace;
Dec., 1894.

FOSTER *v.* WILLSON.

Precatory words in a will, equally with direct fiduciary expressions, will constitute a trust for the person in whose favor they are used, when it appears from the language employed and other competent evidence that such was the intention of the testator.

BILL IN EQUITY, alleging that Ella H. Willson, daughter of the plaintiff and wife of the defendant, died April 13, 1892, leaving a will which was executed March 28, 1892, and was approved and allowed April 22, 1892; that the defendant was appointed executor thereof and has accepted said trust; that since the decease of the testatrix, the plaintiff continued to live in the defendant's family until March 1, 1893; that the plaintiff is eighty-two years old, is infirm by reason of his advanced age, and requires personal care and attention; that by reason of the defendant's neglect and ill-treatment, the plaintiff has been compelled to leave the defendant's family and reside elsewhere; that the plaintiff has no property and no means of support, and that the defendant since March 1, 1893, has refused to support him, though requested so to do. The material portions of the will set forth in the bill are as follows: " 1. As to my life policy, I give and bequeath one half the amount which shall be collected on it to my husband, Fred H. Willson, and one half to my father, Benjamin F. Foster. 2. As to all the rest, residue, and remainder of my estate, I give, bequeath, and devise the same to my said husband, Fred H. Willson, to have and to hold the same to him and his heirs and assigns forever; but it is my wish and desire that he shall furnish a home, maintenance, and care to and for my said father during life, should he need and require it." The prayer of the bill is for a decree for a reasonable sum to be paid by the defendant for the plaintiff's support since March 1, 1893,

and for such further sums as from time to time may be needed
for the plaintiff's support.

The answer admits the making and probate of the will, but
denies that the defendant has neglected or ill-treated the plaintiff,
or that the plaintiff was compelled to leave the defendant's fam-
ily by reason of neglect or ill-treatment; and avers that the de-
fendant, though under no legal obligation to furnish the plaintiff
with a home in his family, has been and still is willing to support
and care for him there, but the plaintiff without cause refuses to
live there.   The answer also avers that by the terms of the will
the defendant is not legally or equitably bound to support or
provide for the plaintiff in his family or elsewhere, insists upon
this as a special matter of defence, and claims the same benefit
therefrom as if the defendant had demurred to the bill.

*Don H. Woodward*, for the plaintiff.

*Batchelder & Faulkner*, for the defendant.

BLODGETT, J.   The intention of the testatrix to provide for the
maintenance of her father being sufficiently apparent from the
will itself, it is the duty of the court to effectuate it by regarding
the defendant as trustee for the father, if, from the whole trans-
action and the words used, such a trust may be fairly implied.

In determining this question it is to be borne in mind that
there is no uncertainty as to the subject or object of the testatrix's
expression of her wish and desire; and that precatory words in
a will, equally with direct fiduciary expressions, will constitute
a trust.   "Technical language is not necessary to constitute a
trust.   It is enough if such intention is apparent.   Thus, words
of recommendation, request, entreaty, wish, or expectation, ad-
dressed to a devisee or legatee, will make him a trustee for those
persons in favor of whom such expressions are used, provided
that from the construction of the whole will such was the ap-
parent intention of the testator, and provided he has pointed out
with sufficient clearness and certainty both the subject-matter
and the object of the trust."   1 Per. Tr. (3d ed.), *s.* 114, note; 1
Jar. Wills (5th Am. ed.) 680 ; *Erickson* v. *Willard*, 1 N. H. 217,
229.   "The criticisms which have been sometimes applied to
this rule by text writers and in judicial opinions will be found to
rest mainly on its application in particular cases, and not to in-
volve a doubt of the correctness of the rule itself as a sound prin-
ciple of construction."   *Warner* v. *Bates*, 98 Mass. 274, 277, *per*
*Bigelow*, C. J.

The only element of uncertainty then is, whether the main-
tenance of the testatrix's father was intended by her to be exe-
cuted by her husband as a trust.   That is to say, did the testa-

trix intend to impose an obligation on her husband to carry her wish and desire as to her father's maintenance into effect, or, having expressed her wish and desire, did she intend to leave it to him to comply with them or not at his discretion ? From the nature of the case, no certain answer can be given; but upon the established rule of testamentary construction in this state, as well as in accordance with the general rule where like words have been used by testators (44 Am. Dec., note, 372–379), and with a plain moral duty on the part of the defendant, we are of opinion that the clause of the will which is the subject of the present controversy does not leave the maintenance of the plaintiff to the discretion of the defendant, to be afforded or withheld at his pleasure, but that the devise to him was made on the trust that he should furnish such maintenance during the plaintiff's life, should he need and require it, which the bill charges and the demurrer admits.

" The wish of a testator, like the request of a sovereign, is equivalent to a command " (1 Hill Tr. 73; 1 Per. Tr., s. 121, note); and especially should it be so held in a case like the present, where it would seem that even the slightest wish of a deceased wife as to the care of her aged, infirm, and dependent father ought of itself to be sufficiently binding on the defendant's conscience.

The question whether the maintenance of the plaintiff shall be in the defendant's family or elsewhere will be determined at the trial term.

*Demurrer overruled.*

All concurred.