Merrimack, }
June 30, 1903. }

STATE (*ex rel.* LITTLE *& a.*) *v.* CHICKERING *& a.*

Where a bequest in trust for the establishment of an academy specifies that the building shall be located on a lot owned by the testator, or upon land situated within certain defined limits which may be donated for the purpose, the trustees are not authorized, in the event of the destruction of the original building by fire, to erect a new structure upon a lot located within the prescribed bounds and acquired through a settlement with a former treasurer.

BILL IN EQUITY, to restrain the defendants, trustees of Pembroke Academy, from erecting the new academy buildings upon a lot procured by them in settlement of a shortage in the accounts of a former treasurer. Transferred from the October term, 1902, of the superior court by *Wallace,* C. J.

*Streeter & Hollis,* for the state.

*Mitchell & Foster,* for the defendants.

BINGHAM, J.   The controversy in this case relates to the location of a building by the trustees of Pembroke Academy, to take the place of the one recently destroyed by fire in the town of Pembroke.   The question is presented upon the opening statement of counsel and certain agreed facts, from which it appears that Abel Blanchard, on January 15, 1818, made a will, and by the eighth article thereof bequeathed and devised the residue of his estate to certain persons as a board of trustees, and to their successors forever, "for the establishment and support of a public school or academy" in the town of Pembroke.   The gift was made subject to eight specific conditions, the sixth of which reads as follows: "Said academy shall be located on Pembroke Main street, somewhere between the meeting-house on said street and land owned by Obadiah Hall, now occupied and improved by Willis A. Thompson, and it is my desire that a building or buildings suitable for the accommodation of said school may be gratuitously erected by the inhabitants of said Pembroke within twelve years from my decease, on the lot of land now owned by me, lying on the easterly side of said street and between lands owned by the Widow Sarah Adams and Timothy Gile, unless some other person shall give a suitable building lot for the use of said institution within the aforesaid bounds.   It not being my intention, however, to make the erection of a building or buildings by the inhabitants of said Pembroke within twelve years from my decease as one of the conditions on which I give and devise the rest and residue of my estate as aforesaid."

The eighth condition, among other things, provides that the trustees shall have the right, for and during the term of twelve years from the donor's decease, "of making such arrangements with school district numbered one in said Pembroke in relation to the occupancy of the common schoolhouse in said district and the expenditure of the moneys of said institution in connection with the expenditure of the moneys of said district as   .   .   .   the   .   .   .   trustees and their successors shall consider most conducive to the best interests of said school."

Mr. Blanchard having died, the persons named as trustees became incorporated June 25, 1818, under the name of the Trustees of Pembroke Academy.   The act of incorporation, after referring in its preamble to the gift of Mr. Blanchard and to the fact that the inhabitants of Pembroke had subscribed an additional sum of "more than fifteen hundred dollars for the purpose of erecting a suitable building for the accommodation of said school," follows in general outline the provisions of the will.

The academy building was not originally erected upon the donor's lot, but upon a lot situated within the limits specified in

his will, which was deeded to the academy by Asa Robinson, September 12, 1818. This building and lot were used continuously for the purposes of the academy down to June 21, 1900, when the building was destroyed by fire. About 1895, a lot of land known as the Emery lot, and adjoining the academy lot, was given to the school, and has since been used in connection therewith. In March, 1901, the trustees came into the possession of about two acres of land situated within the limits specified in the will, through a compromise settlement of a claimed shortage in the accounts of a former treasurer of the academy, and they now propose to erect the academy building upon this lot. This proceeding is brought to restrain the trustees from erecting the building upon the lot thus procured.

It is claimed, first, that the academy building having been located in 1818 upon a lot donated to the school and in compliance with the terms of the will, that its location cannot now be changed to the lot acquired by the trustees in settlement of a shortage in their treasurer's account; and, second, that the trustees are actuated by personal and selfish motives, inconsistent with their duties as trustees and against the best interests· of the trust, in purposing to locate the building upon that lot.

It does not appear to be necessary to a determination of the controversy, as here presented, to consider the second contention, as it is apparent from a reading of the will that it was the intention of the founder of the trust that the academy building should be located either upon the lot referred to as owned by him on Pembroke Main street, or upon a suitable lot situated within certain defined limits on that street and to be given to the academy for that purpose; that he expressly declared that the academy building should be located upon such a lot as a condition of his gift; and that he did not intend to leave it to the discretion of the trustees to locate the building upon any lot on said street within the prescribed limits, which they might purchase with the trust funds or might receive in settlement of a shortage in the accounts of their treasurer.

That the gift was conditioned upon a compliance with the provisions of the sixth subdivision to article eight, except so far as they related to "the erection of a building or buildings by the inhabitants of Pembroke within twelve years" from the donor's decease, cannot be controverted. It is also clear that the donor purposed to allow twelve years at least, in which to raise funds sufficient to erect a suitable building; and this being done, that the building should be located upon the lot referred to as owned by him, or upon one to be given the academy situated within the prescribed limits. This construction of the will is confirmed by

the modifying clause in subdivision six, which relates simply to the erection of a building within twelve years and not to the donation of a lot located within the prescribed limits upon which the building was to be erected. In the absence of the modifying clause, it would seem that the gratuitous erection of a suitable building within the twelve years would have been an essential part of the condition. *Foster* v. *Willson*, 68 N. H. 241, 242, 243.

*Case discharged.*

All concurred.