Merrimack, }
Jan. 4, 1910. }

TRUSTEES OF PEMBROKE ACADEMY *v.* EPSOM SCHOOL DISTRICT *& a.*

Where the intent of a testator to direct the disposition of a trust fund is clear, precatory expressions in the will are to be considered as commands, clothed merely in the language of civility.

BILL IN EQUITY, for direction relative to the disposition of a charitable trust fund. Transferred without ruling from the October term, 1909, of the superior court by *Pike*, J.

Ephraim Locke died in 1892. The sixth clause of his will is : " I give and bequeath to the trustees of Pembroke Academy the sum of one thousand dollars in money, the annual income of which sum I wish to be expended in paying the tuition of such poor boys in said town of Epsom, of good moral character, as may be recommended from time to time to the trustees of said academy by a majority of the board of selectmen of said town of Epsom as worthy and deserving this privilege."

Epsom has no high school, and Pembroke Academy has been approved by the state superintendent of public instruction as a school complying with chapter 96, Laws 1901, and the amendments thereto. Since this legislation went into effect, the plaintiffs have charged the tuition of their Epsom students to the defendant district, while the district claims that the income of the Locke fund should be applied to that account.

*Streeter & Hollis* and *Fred C. Demond*, for the plaintiffs.

*Martin & Howe* and *Joseph A. Donigan*, for the Epsom School district.

*Edwin G. Eastman*, attorney-general, furnished no brief.

Other defendants, *pro sese.*

Peaslee, J. The plaintiffs' first position is that the words of the bequest are merely precatory, and therefore there is no enforceable obligation to carry out the wish expressed by the testator concerning the application of the income of the fund. "The words 'desire,' 'request,' 'recommend,' 'hope,' 'not doubting,' that the executor will conduct in a specified manner, when they come from a testator who has the power to command, are to be construed as commands, clothed merely in the language of civility; and they impose on the executor a duty which courts have in repeated instances enforced." *Erickson* v. *Willard*, 1 N. H. 217, 229. "Precatory words in a will, equally with direct fiduciary expressions, will constitute a trust. 'Technical language is not necessary to constitute a trust. It is enough if such intention is apparent.' 1 Per. Tr. (3d ed.), s. 114, note." *Foster* v. *Willson*, 68 N. H. 241, 242. These authorities seem applicable here. The intent of the testator was to direct the disposition of the income of the fund. It was a command "clothed merely in the language of civility."

What disposition shall be made of the income under the changed circumstances? The plaintiffs suggest that they should apply it to their general purposes, wherein the intended beneficiaries may have a share, as was done in *Adams Female Academy* v. *Adams*, 65 N. H. 225. The Epsom school district claims that the income should be applied according to the strict letter of the bequest, thereby relieving its taxpayers, while but slightly, if at all, aiding those the testator had in mind. No brief has been filed in behalf of the "poor boys in Epsom." But their interest is here paramount, and the fund is to be so administered as to aid them, rather than the trustee designated in the will, or those who pay taxes in Epsom. It seems that this can easily be done by applying the income to scholarships for boys designated in the manner pointed out in the will. Free tuition will not always enable a poor and deserving boy to attend an academy. He may need further assistance. Furnishing this will comply exactly with the wish of the testator.

It does not appear that this plan has been considered by the

parties. They may apply to the superior court for further findings, if such course is deemed essential to the final disposition of the case. As the matter is now presented, only the general outline of what is to be done can be determined.

*Case discharged.*

All concurred.