SHERMAN et al. v. GOODSON'S HEIRS et al. (No. 2232.)

(Court of Civil Appeals of Texas. Texarkana. March 6, 1920. Rehearing Denied March 18, 1920.)

1. WILLS ⊜⟳61—INSTRUMENT WAS A JOINT WILL.

Instrument executed by two sisters *held* by its language to be intended to operate as a joint and mutual disposition of all the property owned by each, and to be made for the mutual benefit of each, and not to be an instrument in which each severally undertook to dispose of her property.

2. WILLS ⊜⟳188 — RATIFICATION OF JOINT WILL BY SURVIVOR RENDERED IT IRREVOCABLE.

Joint will executed by two sisters became irrevocable after surviving sister ratified it by having it probated and by accepting and enjoying the benefits derived from its provisions, and surviving sister was estopped from making a different disposition of the property by subsequent will.

3. WILLS ⊜⟳689—JOINT WILL DID NOT GIVE SURVIVOR POWER TO DISPOSE OF PROPERTY BY WILL.

Joint will, providing that all property, both real and personal and mixed, belonging to one who shall die first, shall pass to survivor to be used by such survivor as she may choose during her lifetime, etc., did not give survivor power to dispose of property by will.

Appeal from District Court, Hopkins County; Wm. Pinson, Judge.

Suit by M. J. Mauney and others against all parties claiming under the will of Sue E. Goodson, deceased, consolidated with a will contest suit appealed from the county court. From the judgment rendered, Maud K. Sherman and others appeal. Affirmed.

Thornton & Thornton, J. L. Mothershed, and C. O. James, all of Sulphur Springs, for appellants.

C. E. Sheppard, of Sulphur Springs, Melson & Dial, of El Paso, and B. W. Foster, of Sulphur Springs, for appellees.

HODGES, J. This is a contest between collateral relatives of M. A. Goodson and Sue E. Goodson, two aged maiden sisters, who lived and died in Hopkins county. They owned jointly and severally considerable property situated in that county, and for many years lived together and used their property in common. In 1911 they executed the following instrument as their last will:

"The State of Texas, County of Hopkins: Know all men by these presents. That we, M. A. Goodson and Sue E. Goodson, of the county of Hopkins and state of Texas, being in reasonably good health and of sound and disposing mind and memory do make and publish this our last joint and several will and testament, thereby revoking all wills by us or either of us at any time heretofore made.

"First. We direct that all our just debts shall be paid, and that the legacies hereinafter given, shall, after the payment of our debts, be paid out of our estates.

"Second. It is our joint and several will, and we so direct, that all the property, both real and personal, and mixed, belonging to the one who shall die first shall pass to the survivor to be used by such survivor as she may choose during her lifetime for her comfort and support, and at the death of the survivor it is our joint and several will that whatever is left of the property belonging to us or either of us, shall pass and descend as follows:

"First. We hereby give the homestead on which we now live to our beloved niece, Maud Sherman, same to include dwelling, barn and outhouses, 50 acres of land, beginning at 100 feet east of the northwest corner of land heretofore sold W. T. McClendon; thence to the northwest corner of same; thence south to the south line of our tract; thence west 400 varas to a stake; thence north, east and south so as to include 50 acres of land, it being our intention to include our dwelling house, garden, barn and outhouse with said 50 acres of land.

"Second. We give all our household and kitchen furniture and household effects of every kind to the following named persons, viz: Our beloved niece Maud Sherman and her children, viz: Martha, Ann, Mary, Sue, Lizzie, William, Rosa, Nell, Elliott and Francis, and to our beloved nephew, Sam Burnett Goodson.

"Third. We hereby give and bequeath to our much beloved nephew, Sam Burnett Goodson, our brick house, situated in Sulphur Springs, Texas, and now occupied by Perkins Dry Goods Company, to be used for his education and maintenance.

"Fourth. It is our joint will, and we so direct, that all the residue of our property, after the death of each of us, shall pass and descend to the following named persons, share and share alike, viz: Our brother, Sam S. Goodson, our sister, Martha Jane Mauney, our niece, Annie English, our nephew Richard Goodson, our grandnephew Sam Burnett Goodson, and his father Wiley Goodson.

"Fifth. We jointly direct that no bond shall be required of the survivor in the management and control of the estate of which the first of us to die shall be seized and possessed, and that no inventory shall be required, but that she shall have the free use of same without any restrictions of any character whatever, with full power to sell and dispose of any and all of said property as she may see proper, without any action through probate court. In witness hereof we have hereunto set our hands, this the 31st day of January, 1911, in the presence of R. B. Keasler and S. S. Bulloch, who attest the same at our request.      Sue E. Goodson.
                  "M. A. Goodson."

After the execution of that will they continued to live together, using their property jointly as before. In 1914 the older sister, M. A. Goodson, died without having made any other disposition of her property. On February 13, 1915, the will above referred to was filed for probate by the surviving sister, Sue E. Goodson, and was later admitted to probate in due form. The property of M. A. Goodson at the time of her death was valued at $14,399. After the death of her sister, Sue E. Goodson became the recipient of many acts of kindness and attention from those relatives who had been discriminated against in this will. In April of 1917 she executed another will, in which she expressly revoked all wills previously made by her, and provided for a disposition of her property different from that made in the will executed jointly with her sister. She appointed Mrs. Maud K. Sherman, a niece, as independent executrix without bond. On April 18, 1919, Sue E. Goodson died, and a few days later her last will was filed for probate by Mrs. Maud K. Sherman. In July following a contest of that will was filed by M. J. Mauney, Annie E. English, Wiley Goodson, and Sam Burnett Goodson, beneficiaries under the joint will. The contestants alleged the execution of the joint will and its probate by Sue E. Goodson, and asked that the same be admitted to probate, and prayed that the instrument presented as the last will of Sue E. Goodson be rejected. Judgment was rendered in the county court, refusing the application of Mrs. Maud K. Sherman and admitting to probate as the last will of Sue E. Goodson the joint will executed by her and her sister in 1911. Mrs. Sherman prosecuted an appeal from that judgment to the district court. While that case was pending on appeal the contestants, M. J. Mauney and others, filed in the district court an original suit against all the parties claiming under the will of Sue E. Goodson, in which they sought a recovery of all the property in controversy, asserting title thereto under the joint will made by the two sisters in 1911. That suit was later consolidated with the will contests appealed from the county court, and the entire controversy was subsequently tried before the court without a jury. A judgment was rendered in favor of those claiming under the will executed by M. A. Goodson and Sue E. Goodson jointly. That will was admitted to probate as the last will of Sue E. Goodson,

and the instrument presented by Mrs. Maud K. Sherman was rejected.

In his judgment the court incorporated some of the material findings of fact, and stated the ground upon which his conclusions of law are based. These are, in substance, as follows: That the will made in 1911 was executed by Sue E. Goodson and her deceased sister jointly, under an agreement entered into between them during their lifetime, by virtue of which they bequeathed to the devisees named all the property involved in this suit and described in the will; that Sue E. Goodson survived her deceased sister, had that will probated, went into possession of the property therein named, used and enjoyed the rights and privileges conferred by that will during her lifetime; that having elected to take thereunder Sue E. Goodson acquired only a life estate, with the power of disposing of the joint and several property owned by herself and sister during her lifetime, and was estopped from making any disposition of the property inconsistent with the provisions of the joint will of herself and sister. For the reasons stated the joint will was admitted to probate, and probate of the instrument presented by Mrs. Maud K. Sherman was refused. Mrs Sherman and those interested with her have appealed from that judgment.

A number of assignments of error have been presented in the appellants' brief, but practically all of them raise the same general question of law.

[1] It is contended that the instrument executed by the Goodson sisters in 1911 was not by its terms a joint will; that it was an instrument in which each severally undertook to dispose of her property. It is also insisted that the court erred in concluding that the will was executed in pursuance of an agreement entered into between the sisters. It is further contended that the terms of the joint will permitted the survivor to dispose of any or all of the property on hand, and that this power included the right of disposing of it by will.

It is apparent from the language used in the instrument executed by the two sisters in 1911 that it was intended to operate as a joint and mutual disposition of all the property owned by each, and that it was made for the mutual benefit of each. Some of the property described was held by them jointly, and some in severalty. Their intention to act jointly is made clear by the following language used in the third paragraph:

"It is our joint will, and we so direct, that all the residue of our property after the death of each of us shall pass and descend to the following named persons, share and share alike," etc.

[2] The use of the terms "joint and several" in other portions of the will was doubtless an effort to prevent the possible failure of any portion of the bequest made as to that part of the property owned by them in severalty. The making of the will was manifestly a joint undertaking, and one which was intended to operate for their mutual good. During the time both of the Misses Goodson lived that will might have been revoked by either of them. It may even be conceded that after the death of one it might have been revoked by the survivor before she accepted the benefits which the will conferred. But upon principle and authority we think it became irrevocable after the survivor ratified the will by having it probated, and then accepted and enjoyed the benefits derived from its provisions. Larrabee v. Porter, 166 S. W. 395; Moore v. Moore, 198 S. W. 659; 1 Underhill on Wills, § 13. In the case first above referred to the identical question before us was involved, and Associate Justice Rice discussed it at considerable length, citing and quoting from many authorities supporting his views. The refusal of a writ of error by the Supreme Court indicates its approval of the ruling there made. We deem it unnecessary to repeat the quotations and discussion set out in that excellent opinion. The evidence shows in this case that after the death of her sister Sue E. Goodson not only had the will probated, but that she claimed ownership of all the property embraced in the will, and disposed of much of it by deeds and conveyances during her lifetime, and later undertook to dispose of all that remained by her will. We think the court correctly concluded that she was estopped from making such testamentary disposition of the property.

Appellants also contend that the finding of the trial court that the two Misses Goodson had agreed to enter into the will executed by them in 1911 is unsupported by the testimony. The only evidence of any such agreement in the record is the testimony of an attorney that he was summoned by the Misses Goodson to go to their residence and write their will. He wrote the instrument referred to under their direction, and it was formally signed by them. But for the purpose of sustaining the judgment here rendered we think it unnecessary that the court should have found that there was a pre-existing contract to execute the joint will. The fact that the will was executed in that form conclusively evidences an agreement by the participants to do what was actually done by them. The will became irrevocable after the death of one, not because it was made in pursuance of a previous contract, but because the survivor, after ratifying and accepting the benefits conferred, became estopped to repudiate the will. To allow her after having enjoyed the benefit of those provisions favorable to her, to repudiate those not favorable would countenance the perpetration of a fraud, which should not be tolerated by a court of equity.

[3] It is further contended that under the terms of the will itself Sue E. Goodson had the power to dispose of all the property during her lifetime, and that this included the power to dispose of it by her will. Such a construction would be in direct conflict with the language of the will. That instrument expressly provides and directs how the property that remains after the death of both shall be disposed of. That provision is wholly inconsistent with a purpose to endow the survivor with power to make a different disposition.

We are of the opinion that the trial court rendered the proper judgment in this case, and that it should be affirmed.