## DRINKARD et al. v. HUGHES et al.
### No. 7514.

Court of Civil Appeals of Texas. Austin.
Nov. 3, 1930.

Rehearing Denied Nov. 26, 1930.

W. F. Kelly, of Fort Worth, and Newman & McCollum, of Brady, for appellants.

L. C. Penry, of Floydada, and J. H. Synnott, of Dallas, for appellees.

McCLENDON, C. J.

The only question in this case is whether item .9 (the residuary clause) of the will of J. H. Drinkard, deceased, was effective to pass the residuary estate of the testator to the church corporation therein named. The clause reads:

"Ninth: After the payment of all of the above bequests and after the death of my brother, J. M. Drinkard, I desire the remainder of my estate of whatever nature to be turned over by my Executor at that time to the Board of Directors of the First Christian Science Church, at the corner of 4th and Lamar Streets in the City of Ft. Worth, Tarrant County, Texas."

Other facts necessary to a clear understanding of the question may be briefly summarized:

J. H. Drinkard was married, but had no children. His estate, consisting of both real estate and personalty, was community property of himself and wife. He was a communicant of the church named in the residuary clause; as to which there was a misnomer; but no question is raised in that regard. His heirs at law (other than his wife, whose interest in this suit had passed to plaintiffs by assignment) were two brothers and a sister, the plaintiffs in this suit. One of these brothers, J. M. Drinkard, was afflicted. The other provisions of the will, briefly stated, were: (1) Direction to pay his debts, funeral expenses, etc. (2) Acknowledgment of his wife's community interest. (3) $100 to a girl raised by himself and wife. (4) $2,500 to his sister. (5) $2,000 to a niece. (6) $500 to a nephew. (7) To his afflicted brother $40 per month during life, also such sums as might be necessary for medical, surgical, or sanitarium expenses, including his last illness, and for decent burial. (8) "It is my desire and will that all of the bequests to all of the parties herein named, be paid by my executors, hereinafter designated by me, as soon as convenient without the sacrifice of any of my property in order to convert into cash, and I desire that none of such bequests be paid in full by such Executor until sufficient funds are on hand for such payments. It being my desire, if possible, that such bequests, except the one to my brother, J. M. Drinkard, be paid by my Executor in installments of 20% to each at any one time whenever such Executor has sufficient funds on hand, after enough is set aside to take care of the bequests to my brother, J. H. Drinkard, which bequests herein made." (10) Appointment of executor and provision for substitution. (11) Direction that the bequest to his sister, in case she predeceases him, should pass to her son. (12) Provision that administration be independent of the probate court. (13) Provision for executor's exclusive control and management of his estate, with power "to sell, contract to sell, and lease and contract to lease such estate to any and all persons, and at such price and on such terms as he shall deem best at that time for the interest of the estate and all beneficiaries hereunder."

Appellants urge three propositions, supported by a very elaborate argument and citation of authorities relating to the general principles governing and canons for the construction of wills.

Stated substantially, appellants' contentions are that the word "desire" is synonymous with "earnestly wish," and was employed precatively; that the words "turn over" are synonymous with "deliver possession," and are not sufficient in law to pass title or to express an intention of the testator that title should pass to the residuary legatee; and this especially so in view of the presumption against disinheritance.

We think it so clear as to be removed from the realm of reasonable controversy that the testator by the language used expressed an intention to make the church corporation his residuary legatee.

The word "desire" has a variety of meanings, and is sometimes used in wills in a precatory sense. It is also commonly used in wills as a courteous form of expressing the intention of the testator in making disposition of his property, and synonymously and interchangeably with the word "will," which, of course, carries the idea of the instrument in which it is employed, and to which it has given its name. Whether it is employed in its mandatory or precatory sense must be determined in each case by the context. An extended collation of authorities will be found in the note on pages 646 to 686 of 37 L. R. A. (N. S.).

In the will before us the testator has made provision for his nearest relatives, including a trust in favor of his afflicted brother, to continue until after that brother's death and burial. The ninth clause deals with a single subject, and, if its purpose was not to dispose of the residuary estate, it is without meaning altogether. We think it is clearly a direction that after administration and execution of the trust provisions of the will the church corporation was to have all that was left of his estate. Whatever standards of construction we may adopt to interpret this language the intention of the testator we think is so manifest as to admit of no substantial doubt.

With reference to the words "turn over," it is only necessary to add that it is not requisite under our statutes and decisions that a testator use technical words of conveyance in order to pass title to his real estate or personalty. It is only essential that he use language sufficiently clear and unequivocal to show an intention that the property designated pass to the beneficiary named. R. S. art. 1291. See, also, Macy v. Mercantile Trust Co., 68 N. J. Eq. 235, 59 A. 586, construing the words "turn over to" in a will as passing title to real estate.

This intention is clearly expressed in the residuary clause, and we approve the holding of the trial court that the church corporation was designated the residuary legatee of the

testator. The general principles involved in this holding have been too often adjudicated to require further citation of authorities.

The trial court's judgment is affirmed.

Affirmed.