**CITY OF CORPUS CHRISTI**

v.

**COLEMAN.**

No. 12526.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 12, 1953.

Rehearing Denied Dec. 9, 1953.

I. M. Singer, J. Hodge Thompson, Corpus Christi, for appellant.

Hyde, Barber & Shireman, Corpus Christi, for appellee.

W. O. MURRAY, Chief Justice.

Appellant has made an excellent statement of the nature and result of this case, which we here copy:

"This case involves the construction of a joint will executed by appellee, Susie B. Coleman, and her deceased

husband, E. L. Coleman, and a determination as to whether or not such will was a mutual will and whether such will was void as being in violation of the rule against perpetuities.

"On June 26, 1941, appellee and E. L. Coleman executed a joint will, which said will was executed with all the formalities and solemnities to make it a valid will. E. L. Coleman died on or about September 8, 1945, in Nueces County, Texas. On or about October 20, 1945, the said will was admitted to probate and appellee qualified as independent executrix. The will provided, in short, that on the decease of either party that the estate would go to the other to use, enjoy, handle, etc., and after the decease of both of the parties that a mausoleum would be erected and the estate remaining would go to the La Retama Library (the public library of the City of Corpus Christi, Texas) upon the same being incorporated and certain other contingencies being performed. Appellee filed suit setting up that she desired to make a new and different will from the will of June 26, 1941, and seeking to ascertain the effect of said will of June 26, 1941, on the disposition of her estate, and for a determination of her rights. Appellants answered by plea in abatement setting up that appellee's suit was prematurely brought and not a proper subject of declaratory judgment, and filed an answer to the petition. The trial court overruled the plea in abatement and entered judgment that the will in question was a joint will but not a mutual will, and that appellee was free to make a new will independent of the will of June 26, 1941, and appellee had full power and authority to convey all or any portion of the estate of E. L. Coleman as she saw fit, and that such will did not violate the rule against perpetuities. Appellants duly excepted to the rulings of the court, except as to the conclusion that such will did not violate the rule against perpetuities, and gave notice of appeal and have duly perfected their appeal."

Appellants' first point complains because the court overruled their plea in abatement. The plea in abatement was based upon two grounds: (1) A lack of proper and necessary parties and (2) that appellee's petition presented a "moot" question. The necessary absent party was alleged to be a corporation to be organized in the future and not yet in existence. Under the provisions of the will to be construed the residue of the estate after the death of E. L. Coleman, the husband, and the death of appellee, Susie B. Coleman, and after the payment of debts and the erection of the mausoleum provided for in the will, all the property remaining was to go to the La Retama Library. However, the property was not to be turned over to the La Retama Library until it took on the form of a corporation, and until it was housed in a fireproof building, and all of the property now belonging to the La Retama Library was conveyed to the corporation. The doing of all these things presents many difficulties.

The library is now the property of the City of Corpus Christi. If a new, independent, corporation were formed the city would be compelled to give to the new corporation all of the property now used by the La Retama Library and would thereafter have no further direct control over such property. The city's legal right to become a stockholder in such a corporation is, to say the least, very doubtful. Before the City of Corpus Christi could form such a corporation the city charter would have to be amended by a majority vote of the qualified voters of the City of Corpus Christi voting at such election. If it failed to carry, another election could not be held for a period of two years.

Regardless of all this, at the time the suit was filed the corporation had not been formed; therefore, it could not possibly be made a party to the suit at this time. The court would have no present jurisdiction over a corporation to be formed in the future. Rule 39(b), T.R.C.P., provides:

"(b) Effect of failure to join. When persons who ought to be parties if complete relief is to be accorded between

those already parties, have not been made parties and are subject to the jurisdiction of the court, the court shall order them made parties. The court in its discretion may proceed in the action without making such persons parties, if its jurisdiction over them can be acquired only by their consent or voluntary appearance; but the judgment rendered therein shall not affect the rights or liabilities of persons who are not parties."

(Rule 39, T.R.C.P., is the same as Federal Rule 19.) Thus, the corporation to be formed in the future was not subject to the jurisdiction of the trial court and, under the provision of Rule 39, paragraph (b), the trial judge had the discretion to proceed to judgment as to the parties before it. Samuel Goldwyn, Inc., v. United Artists Corporation, 3 Cir., 113 F.2d 703.

■ Appellee's petition does not present a "moot" question, but states a proper cause of action for a judgment construing a will under the Uniform Declaratory Judgment Act. Article 2524–1, Vernon's Ann.Civ. Stats.

This act was passed by the Texas Legislature in 1948. The act was especially designed to meet the situation stated in appellee's petition. This is apparent from the language of the act. Section two thereof reads in part as follows:

"Sec. 2. Any person interested under a '* * * will, * * * whose rights, status or other legal relations are affected * * * may have determined any question of construction or validity arising under the instrument * * * and obtain a declaration of rights, status, or other legal relations thereunder."

And Section four is in part as follows:

"Sec. 4. Any person interested as * * * devisee, legatee, * * * or cestui que trust, in the administration of a trust, or of the estate of a decedent, * * * may have a declaration of rights or legal relations in respect thereto: * * *

"(c) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings."

■ Our courts have jurisdiction to construe wills by reason of the Uniform Declaratory Judgment Act, Art. 2524–1, Vernon's Ann.Civ.Stats., and, for that matter, had such jurisdiction even before such act. Rust v. Rust, Tex.Civ.App., 211 S.W. 2d 262, affirmed, 147 Tex. 181, 214 S.W.2d 462; Mason & Mason v. Brown, Tex.Civ. App., 182 S.W.2d 729.

In Stewart v. Shelton, 356 Mo. 258, 201 S.W.2d 395, at page 398, the Court said:

"The declaratory judgment statutes are remedial in character. It is their purpose to afford relief from uncertainty and insecurity. They contemplate judgments which stabilize and determine rights. We are admonished by such statutes that they are to be liberally construed. Respondents had a right to and did choose the form of their action, and that form is agreeable to the law for the issues presented. The petition set out the joint will in haec verba, alleged the will was made pursuant to a contract and prayed a declaratory judgment decreeing irrevocability by Josie after the death of J. T. Stewart. The answer of defendants expressly denied that there was any such contract. The trial court affirmatively found there was such a contract. The petition states a cause of action."

Appellant next contends that the trial court erred in holding that the will involved herein was a joint will but not a mutual and reciprocal will, because the will was executed as the result of an agreement for a joint disposition of the property of appellee and E. L. Coleman, and for the further reason that appellee, having offered the will for probate and having accepted benefits under the will, is estopped to claim that such will was not a mutual and reciprocal will. The pertinent parts of the will read as follows:

"Second: We have no dependents, and we desire that the survivor as between us shall have and enjoy the full use and benefits of all our estate, and such survivor may sell and convey any or all of our estate, real and personal; and we will and desire that after the decease of the survivor as between us, whatever of our estate may then remain, shall be disposed of in the following order and manner:

"1. Pay expenses of last illness and interment.

"2. Pay all debts, if any.

"3. Erect a Mausoleum.

"4. Dispose of the remainder of our estate as follows: * * *

"Fourth: We direct that after the decease of both of us, and the erection of such Mausoleum, all of our remaining real and personal estate vest in the La Retama Public Library of Corpus Christi, Texas, in the event that, and after, a Corporate Charter shall first have been procured for said Library, and to which corporation all its then real and personal property shall have been conveyed; and none of our estate shall be used or appropriated for any purpose whatsoever, except for books, and/or towards the erection of a fireproof building in which to house the books of the incorporated Library, have been perfected; nor until the present Library building shall have been replaced by a fireproof building, in its present or in another location. But our Executors may transfer to such Corporation any net cash funds for the then immediate erection of such fireproof building."

■ Appellant points out that the words *we, us* and *our* are used forty-seven times in a three-page will, or an average of sixteen times to the page. E. L. Coleman died on or about September 8, 1945, and appellee secured the probate of the will as that of E. L. Coleman on or about October 20,.

1945, and qualified as independent executrix. As such executrix, she changed the registration of her automobile and also drew out the bank account of deceased. The trial court, before whom the case was tried without a jury, found that the will was not executed as a result of a prior or contemporaneous agreement to make a mutual will, and therefore held it was not a mutual will. There is no extraneous oral evidence to the effect that the will was executed pursuant to a contract to make a will and, therefore, unless the will conclusively shows on its face that it was executed pursuant to such a contract the finding of the trial court would be binding and cannot be set aside.

■ The mere fact that both Mrs. Coleman and Mr. Coleman signed a joint will, or that they frequently used the pronouns *we, us* and *our* does not establish the fact that the will was executed pursuant to an agreement to make a mutual will. The property owned by the Colemans was community property and they had no children. Therefore, Mrs. Coleman did not inherit any property under the will that she would not have inherited if Mr. Coleman had died intestate. The burden of proof is upon the party claiming that a joint will is also a mutual will, to establish that fact by a preponderance of the evidence. Nye v. Bradford, 144 Tex. 618, 193 S.W.2d 165; Garland v. Meyer, Tex.Civ.App., 169 S.W.2d 531; Aniol v. Aniol, 127 Tex. 576, 94 S.W. 2d 425; Wyche v. Clapp, 43 Tex. 543; Curtis v. Aycock, Tex.Civ.App., 179 S.W.2d 843; Wagnon v. Wagnon, Tex.Civ.App., 16 S.W.2d 366; Graser v. Graser, 147 Tex. 404, 215 S.W.2d 867; 29 Tex. Law Review, p. 439; 169 A.L.R. p. 9.

■ It is true that in Nye v. Bradford, supra, the court held that the will was a mutual one, but in that case there was oral evidence to the effect that the will was executed in pursuance to a specific contract to make a mutual will. The finding of the trial judge that the will was not a mutual and reciprocal will must stand, as we find no reason for setting it aside.

■ Appellee is not estopped to contend the will was not a mutual will. She has not received any property under the will that she would not have received if there had been no will and, furthermore, if the will was not in fact a mutual will, she would not be estopped simply by having it probated as the individual will of her husband and accepting benefits under it.

The above holding renders it unnecessary for us to decide the question of whether the will is void as violating the rule against perpetuities.

Accordingly, the judgment of the trial court is affirmed.