**DUFNER et al.**

v.

**HAYNEN et al.**

No. 12612.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 9, 1953.

Rehearing Denied Jan. 6, 1954.

W. W. Fowlkes, John W. Goode, Jr., San Antonio, for appellants.

Ben P. Lane, L. M. Bickett, San Antonio, for appellees.

W. O. MURRAY, Chief Justice.

This is an appeal from a declaratory judgment of the District Court of Bexar County, finding and declaring, among other things, that

1. "Under the terms and provisions of the will executed by W. W. Dykman and wife, Lillie Dykman, on February 26, 1936, and probated after the death of W. W. Dykman as a muniment of title, the whole of the estate of W. W. Dykman, upon his death on March 12, 1940, passed to and vested in fee simple in his surviving wife, Lillie Dykman."

2. The will of W. W. and Lillie Dykman, dated February 26, 1936, was not a mutual and reciprocal will based upon a contract between the parties, and such will was not irrevocable after the death of W. W. Dykman by the surviving spouse, Lillie Dykman.

3. Lillie Dykman was not estopped to revoke the joint will of herself and husband by reason of the fact that she had probated the joint will as a muniment of title and had thereafter been in possession of and enjoyed all of the rents and revenues from the entire community estate, and that she had a right to dispose of all of the community property by her will dated March 2, 1943.

This appeal is prosecuted by C. T. Dufner, individually and as independent executor and trustee of the estate of Lillie Dykman, deceased, and as trustee for Ida Dykman, Mrs. A. R. Nagel, A. R. Nagel, Mrs. C. T. Dufner, Mrs. Florence Duderstadt, William Pollard and William Dykman, who were the devisees under the joint will of W. W. and Lillie Dykman.

Appellees criticize the points of error set out in appellants' brief as being mere abstract propositions of law, and as not meeting the requirements of Section (b), Rule 418, Texas Rules of Civil Procedure. We are inclined to agree to some extent with this criticism, but, as we deem it our duty to pass upon the merits of the appeal, where it is possible for us to determine the questions to be decided, from the points and the statements and arguments made thereunder, we will consider appellant's brief.

We are of the opinion that at least three important questions are presented by this appeal:

1. Was the joint will executed by W. W. Dykman and Lillie Dykman on February 26, 1936, also a mutual will based upon prior or contemporaneous agreement to make a joint disposition of their property?

2. Did W. W. Dykman intend by the joint will to dispose of only his interest in the community property, or did he intend to dispose of the entire community estate of himself and his wife, Lillie Dykman?

3. Was Lillie Dykman estopped to revoke the provisions of the joint will by rea-

son of the fact that she had offered the same for probate and a muniment of title and had accepted benefits under such will?

We will discuss these questions in the order they are set out above.

The joint will executed by the Dykmans on February 26, 1936, was not also a mutual will, based upon a prior or contemporaneous agreement to make a joint disposition of their property. Before a joint will can be construed as also being a mutual will it must be shown, either from extrinsic evidence or upon the face of the will itself, that the parties had entered into a contract to make a joint disposition of their property, and the burden of proof is upon the party so contending. Nye v. Bradford, 144 Tex. 618, 193 S.W.2d 165, 169 A.L.R. 1; Garland v. Meyer, Tex. Civ.App., 169 S.W.2d 531; Aniol v. Aniol, 127 Tex. 576, 94 S.W.2d 425; Wyche v. Clapp, 43 Tex. 543; Curtis v. Aycock, Tex. Civ.App., 179 S.W.2d 843; Wagnon v. Wagnon, Tex.Civ.App., 16 S.W.2d 366; Graser v. Graser, 147 Tex. 404, 215 S.W.2d 867; 29 Tex.Law Rev. p. 439.

It is a well settled principle of law in this State that where a husband and wife execute a joint will pursuant to a prior or contemporaneous contract to make a mutual will, such will has both testamentary and contractual qualities and after the death of one of the spouses the surviving spouse may not make a disposition of the property different from that contained in such joint and mutual will. Howard v. Combs, Tex. Civ.App., 113 S.W.2d 221; Larrabee v. Porter, Tex.Civ.App., 166 S.W. 395; Moore v. Moore, Tex.Civ.App., 198 S.W. 659. However, there is possibly an exception to this rule to the effect that such will is not binding upon the wife where the contract is entered into with the husband during coverture. Wyche v. Clapp, 43 Tex. 543; Nye v. Bradford, 144 Tex. 618, 193 S.W.2d 165.

The record here does not show that such a contract was made by W. W. Dykman and Lillie Dykman. There is no extrinsic evidence to establish this fact, and the joint will does not show on its face that such a contract was entered into. Therefore, the trial judge properly declared that the joint will of W. W. and Lillie Dykman was not a mutual will based upon a contract.

This brings us to a consideration of whether under this joint will Lillie Dykman received only a life estate in the community property of herself and husband, or whether she received a fee simple title to such property. The language to be construed in the will is as follows: "Upon the death of either spouse we direct that the survivor shall receive all property both real and personal— and to manage same as to him or her may see— best; but not to dispose of any of the real estate unless it be necessary to pay debts." It will be noted that, under the above language, the surviving spouse is to "receive" all property, both real and personal, and is to manage but not dispose of the same, unless it becomes necessary to pay debts. All of this language is contained in the same sentence, and it is not sufficient to grant to the surviving spouse a fee simple title in the property. The word receive is a relative term, and when it is considered with the other language used in the same sentence it is insufficient to pass a fee simple title to the property. 75 C.J.S. Receive, pp. 642–643.

We are aware of the rule that where a will contains a provision that upon a certain contingency an estate given to one person shall pass to another, the law favors the first taker, and the testator's language is construed so as to give such taker the greatest estate which, by a fair construction, the grant is capable of passing. 44 Tex.Jur. 703, § 145; Lawrence v. Lawrence, Tex. Civ.App., 229 S.W.2d 219.

However, this rule is subordinate to the rule that in construing a will it is the duty of the court to give effect to the entire instrument and each and every part of it, if that is legally possible, or if it is practical to do so. 44 Tex.Jur. 705, § 147; Wallace v. First National Bank of Paris, 120 Tex. 92, 35 S.W.2d 1036; Houston v. Schuhmann, Tex.Civ.App., 92 S.W.2d 1086; Lockett v. Wood, Tex.Civ.App., 84 S.W.2d

798. In Hancock v. Butler, 21 Tex. 804, at page 816, Justice Roberts, speaking for the Supreme Court of Texas, said:·

> "The rule, then, that courts will con-·. fer the greatest estate on the grantee that the terms of the grant will permit, must necessarily be subordinate to the rule 'that every part of the deed should be harmonized and given effect to, if it can be done.' "

The language used by W. W. Dykman and Lillie Dykman in their joint will clearly shows that they intended that after the death of one of them the surviving spouse should have only a life estate in the community property.

Appellees contend that the joint will should be construed as conveying a fee simple title to the property, because it fails to make disposition of the community property after the death of both of the spouses. When the will is read from its four corners, and meaning given to each and every part thereof, it does make a disposition of such property after the death of both spouses. The will is not well written and contains fragmentary sentences and paragraphs— undoubtedly, it was written by some one unaccustomed to writing wills. However, it provides as follows:

> "Upon the death of the last surviving spouse we direct that all our debts be paid as speedily as possible. * * After all debts are paid we direct that our daughter Ida Dykman and our son William G. Dykman receive out of said estate $250 each and after this $500 dollars is deducted we direct that the estate be equally *divide* among our eight children as follows Ida Dykman, Mrs. A. R. Nagel, Mrs. J. E. Harris, Mrs. C. T. Dufner, Mrs. J. R. Haynen, Mrs. J. O. Stevens, W. G. Dykman, Alice Dykman."

While the above arrangement skips nine lines, it gives meaning to those words and undoubtedly expresses what was intended by the testators. It provides for a disposition of the property after the death of both spouses. The above construction does not do violence to the language used, and gives the interpretation to the will that was no doubt intended by the testators.·

When the will is considered from its four corners and meaning given to each and every part, a reasonable deduction from the language used is, that the testators intended that after the death of one of them their entire community estate should pass to the survivor for life, and not be disposed of for any other purpose than the payment of debts, and at the death of both spouses the estate should go, in equal parts, to their eight children, subject to two specific bequests, totaling $500.00.

■ Next the question arises, did Lillie Dykman by probating this joint will and accepting benefits under it, estop herself from disposing of the property by will in a manner different from that provided for in the joint will? We conclude that she did. She could have refused to take under the will and not be bound by its provisions, but she cannot accept the favorable provisions and repudiate the unfavorable provisions. Dakon v. Dakon, 125 Tex. 305, 83 S.W.2d 620; Sherman v. Goodson's Heirs, Tex.Civ.App., 219 S.W. 839.

Appellees contend that Lillie Dykman received no benefits under the will that she would not have been entitled to otherwise, but we do not agree. If she had not taken under the will, she would have been entitled to one-half of the community in fee, the right to occupy the residence at 1846 E. Commerce Street, during her life as a homestead, and the revenues from the filling station at 1848 E. Commerce Street would have belonged one-half to their children, and the children would have been in a position to ask for a portion of this business property. Having enjoyed the benefits of the property under the provisions of the will, Lillie Dykman was estopped to make any other disposition of the property other than the one made in the joint will. Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620; Chadwick v. Bristow, 146 Tex. 481, 208 S.W.2d 888; Nye v. Bradford, 144 Tex. 618, 193 S.W.2d 165, 169 A.L.R. 1; 44 Tex. Jur. 865, § 287, and p. 867, § 288; Dunn v.

Vinyard, Tex.Com.App., 251 S.W. 1043; Sherman v. Goodson's Heirs, Tex.Civ.App., 219 S.W. 839.

From what we have said, it becomes apparent that Lillie Dykman did not have authority to leave the community property in trust for the benefit of her daughter Ida Dykman, and that the provisions of her will dated March 2, 1943, were ineffective, and the eight children of W. W. Dykman and Lillie Dykman were entitled to the property held by her at the time of her death.

The judgment of the trial court is reversed and judgment here rendered as above indicated.