**A. C. LEOPOLD et al., Appellants,**

v.

**Lawrence SOCHAT et al., Appellees.**

**No. 15820.**

Court of Civil Appeals of Texas.

Fort Worth.

May 31, 1957.

Rehearing Denied June 28, 1957.

Stovall, O'Bryant & Stovall; Werlein & Werlein and Ewing Werlein, Houston, for appellants.

McGregor & Sewell, and Robert L. Sonfield, Houston, for appellees.

BOYD, Justice.

Appellants A. C. Leopold, and Mrs. Linna Leopold and Hutchings-Sealy National Bank of Galveston, independent executrix and independent executor, respectively, of the estate of N. E. Leopold, deceased, sued appellee Lawrence Sochat, individually and as independent executor and legatee under the will of Caroline Leopold, deceased, Hansi Sochat, individually and as legatee under the will of Caroline Leopold, Helen Sauter, individually and as legatee under the will of Caroline Leopold, and her husband, Fritz Sauter, and many others as heirs at law of Caroline Leopold, for construction of a joint will executed by William E. Leopold and Caroline E. Leopold, husband and wife, on July 14, 1930, asserting that the will was mutual and contractual, and that under its terms A. C. Leopold and N. E. Leopold were each entitled to receive $5,000, praying that a trust be established in the property passing under the joint will, and that appellants have judgment for $10,-000.

The relevant portions of the will of William E. and Caroline E. Leopold are as follows:

" * * * we, William E Leopold and Mrs Caroline E Leopold, husband and wife, * * * do hereby jointly Make, Publish and Declare this to be our mutual joint Last Will and Testament * * *."

"I

"Each of us does hereby Give, Devise and Bequeath unto the surviving spouse, all property of every nature whatsoever, whether real, personal or mixed, to which the deceased shall be entitled to at the time of death."

"IV

"It is the Will and Desire of each of us, that the surviving spouse shall make a Last Will and Testament, and to nominate therein as beneficiaries, N E Leopold and A C Leopold, to the extent of Five Thousand Dollars ($5,000.00) to each, over and above, that is to say, that said sums shall not be deducted from them as beneficiaries in the Will to be executed by the survivor, but shall be bequeathed to them as additional legacies. The said N E Leopold and A C Leopold having purchased from us our old homestead on Louisiana Avenue, which sale did not in our opinion prove as advantageous to them as we had hoped, and hence it is our intention and Will and Desire that the surviving spouse will bequeath to them these additional amounts of $5,000.00 each."

William E. Leopold died on February 18, 1943, and Caroline E. Leopold offered the joint will for probate, and it was duly probated. She immediately qualified as independent executrix and took possession of all the property under the will of her husband, which had an appraised value of $99,373.05.

On October 11, 1948, Mrs. Caroline Leopold executed a will in which she left the property as follows, ⅓ to Helen Sauter; ⅓ to Lawrence Sochat; and ⅓ to Mrs. Hansi Sochat, wife of Lawrence Sochat.

Paragraph V of such will is as follows:

"I am not unmindful of the two brothers of my late husband, August Leopold and Nelson Leopold, but I do not wish to bequeath anything to either of them, even though it was at one time the intention of both my late husband and myself to do so."

Caroline E. Leopold died on April 15, 1953, and her will was admitted to probate on May 5, 1953, the estate then being of the appraised value of $106,081.33.

Appellants contend that the will of William E. Leopold and Caroline E. Leopold was a joint and mutual will, and that after the death of her husband, and after she had probated the will and accepted its benefits, it became the obligation of Caroline E. Leopold to bequeath $5,000 each to A. C. and N. E. Leopold.

It is appellees' contention that paragraph I of the joint will bequeaths the property of each to the survivor in fee simple and that paragraph IV is couched in words of request and not of command, which are precatory and not imperative, and are inoperative to limit the estate bequeathed in paragraph I.

The testators had no children and all the property owned by them at the time of Mr. Leopold's death was community property. They had been advised by their attorney that there was no necessity for them to make wills because if either died intestate the other would take all the property under the law of descent and distribution.

Appellee Lawrence Sochat was called by appellants, and testified that: he was the attorney and close friend of the testators; he wrote the joint will and also the last will of Mrs. Leopold; he talked to both before he prepared the joint will; paragraph IV would not have appeared in the joint will had he not had the discussion with the testators; both discussed with the witness the matter of paragraph IV, and the paragraph grew out of that discussion; the testators had made no agreement in respect of providing for Mr. Leopold's brothers in the last will of the survivor. He further testified: "Q. * * * Now, was there any conversation in connection with this bequest which was to be done later on for the brothers? A. I don't recall any conversation of any kind, except that, as I said, they were kindly people. They regretted the fact that the deal did not prove to be satisfactory and that was their intention at that time. Q. And that is why the paragraph was included in the will? A. That's right."

Paragraph I, standing alone, would give a fee simple estate to the survivor, and it may not be cut down by equivocal or ambiguous language. Our inquiry, then, is whether the estate apparently bequeathed by paragraph I is limited by the provisions of paragraph IV.

■■■ "The intention of the testator is the first and great object of inquiry in the construction of wills, and it must govern, provided it be not inconsistent with the rules of law." Laval v. Staffel, 64 Tex. 370. All provisions of a will must be looked to for the purpose of discovering the real intention of the testator, and if this can be ascertained from the language of the instrument, any particular paragraph which, if standing alone, would indicate a different intention must yield to that manifested by the whole instrument. McMurray v. Stanley, 69 Tex. 227, 6 S.W. 412; Haring v. Shelton, 103 Tex. 10, 122 S.W. 13; McClure v. Bailey, Tex.Civ.App., 209 S.W.2d 671; Laval v. Staffel, supra; Bolte v. Bolte, 347 Mo. 281, 147 S.W.2d 441. It is the will which must be construed, not just a paragraph of the written instrument.

■ We think the intention of the testators was that the estate apparently bequeathed in paragraph I was to be limited by paragraph IV, and that N. E. and A. C. Leopold were each to receive $5,000 from the estate, to be bequeathed in the last will of the survivor, and we think the language of paragraph IV is not precatory, but that it is contractual, testamentary, and imperative.

■ It has been held that a mutual will such as the survivor is without power to revoke must be based upon or made in furtherance of an agreement between the testators as to the disposition of their property. Nye v. Bradford, 144 Tex. 618, 193 S.W.2d 165, 169 A.L.R. 1, and authorities there cited.

■ Appellees say that not only was it not shown that there was any agreement

between the testators as to the bequests to N. E. and A. C. Leopold, but that it was established by a preponderance of the evidence, and perhaps beyond a reasonable doubt, that there was no such contract. We cannot agree. Appellee Lawrence Sochat did testify that the testators had made no such agreement; but of course he could not know that. It is not always necessary to prove by evidence aliunde that a joint will is based upon an agreement; and this case stands upon the terms, provisions, and recitals of the will itself.

In Sherman v. Goodson's Heirs, Tex.Civ. App., 219 S.W. 839, 841, writ refused, the court said: "Appellants also contend that the finding of the trial court that the two Misses Goodson had agreed to enter into the will executed by them in 1911 is unsupported by the testimony. The only evidence of any such agreement in the record is the testimony of an attorney that he was summoned by the Misses Goodson to go to their residence and write their will. He wrote the instrument referred to under their direction, and it was formally signed by them. But for the purpose of sustaining the judgment here rendered we think it unnecessary that the court should have found that there was a pre-existing contract to execute the joint will. The fact that the will was executed in that form conclusively evidences an agreement by the participants to do what was actually done by them. The will became irrevocable after the death of one, not because it was made in pursuance of a previous contract, but because the survivor, after ratifying and accepting the benefits conferred, became estopped to repudiate the will. To allow her after having enjoyed the benefit of those provisions favorable to her, to repudiate those not favorable would countenance the perpetration of a fraud, which should not be tolerated by a court of equity."

In Nye v. Bradford, 144 Tex. 618, 193 S.W.2d 165, 168, 169 A.L.R. 1, it was said: "The will may, by its terms or in its recitals,

conclusively prove or tend to prove that it is based on or executed in furtherance of agreement. * * * A will like that could not have been made without agreement between the testators that it should be so made." See also Sherman v. Goodson's. Heirs, supra; Moore v. Moore, Tex.Civ. App., 198 S.W. 659, writ refused; Williams v. Williams, 123 Va. 643, 96 S.E. 749; Plemmons v. Pemberton, 346 Mo. 45, 139 S.W.2d 910; 69 C.J., p. 1304, sec. 2730; 57 Am.Jur., p. 496, sec. 731; 169 A.L.R., p. 69, sub. (4).

In Frazier v. Patterson, 243 Ill. 80, 90 N.E. 216, 27 L.R.A.,N.S., 508, 17 Ann.Cas. 1003, it was held that the joint will of husband and wife on its face, without evidence aliunde, constituted sufficient proof to make the will mutual, disposing of their property each for and in consideration of the will of the other, which deprived the survivor of the right to make a different disposition of her own property.

The testators solemnly declared that the instrument was their mutual joint will, and that "It is the Will and Desire of each of us, that the surviving spouse shall make a Last Will and Testament, and to nominate therein as beneficiaries, N E Leopold and A C Leopold, to the extent of Five Thousand Dollars ($5,000.00) to each," which sums "shall be bequeathed to them," and that "it is our intention and Will and Desire that the surviving spouse will bequeath to them" $5,000 each. The fact that such had been their intention was asserted by Mrs. Leopold in her last will.

It is true that in paragraph I they "Give, Devise and Bequeath" to each other all of the property, and in paragraph IV we do not find those words. But a testamentary intention may even be expressed by such a word as "wish" and when so clearly expressed, the intent becomes the law of the bequest. The words "wish" and "desire" are often used interchangeably with the word "will". Busby v. Lynn, 37 Tex. 146; Byars v. Byars, 143 Tex. 10, 182

S.W.2d 363; Drinkard v. Hughes, Tex.Civ. App., 32 S.W.2d 935. We have, however, more than a wish or a desire; we have the clearly expressed intention and will that the surviving spouse shall make a last will and shall bequeath the sums of $5,000 each to the brothers. The word "will" is usually a stronger word than "wish" or "desire" and its use evidences not only a desire that the thing shall be done, but a decision of mind, having power to carry its purpose into effect, that something shall be done, and makes this mandatory and not merely directory. McMurray v. Stanley, 69 Tex. 227, 6 S.W. 412. The word "will" in a testamentary paper carries the idea of the instrument in which it is employed, and to which it has given its name. Drinkard v. Hughes, supra.

■ And the "will" that the surviving spouse and co-testator shall make certain bequests is no less mandatory because couched in polite and respectful terms. Trustees of Pembroke Academy v. Epsom School Dist., 75 N.H. 408, 75 A. 100, 37 L.R.A.,N.S., 646; Swarthout v. Swarthout, 111 Wis. 102, 86 N.W. 558; Drinkard v. Hughes, supra.

Paragraph IV would not appear in the will had the testators not directed the scrivener to put it in; it grew out of their conversation with him; they would not have directed him to put it in, and the instrument would not have been signed and published by both, if one did not agree to it.

We cannot ignore the imperative character of their language when the testators said that the survivor "shall" make the bequests in controversy, and "shall" bequeath to the brothers the sums of $5,000 each, and that it was their "intention and Will and Desire" that the survivor will make the bequests which they had already twice said he "shall" make.

Construing paragraph I with paragraph IV, and the will as a whole, we think paragraph I is limited by paragraph IV, and that

it was the intention and will of the testators that the bequests should be made to N. E. and A. C. Leopold. Haring v. Shelton, 103 Tex. 10, 122 S.W. 13; Nye v. Bradford, 144 Tex. 618, 193 S.W.2d 165, 169 A.L.R. 1; Harrell v. Hickman, 147 Tex 396, 215 S.W.2d 876; Drinkard v. Hughes, 32 S.W.2d 935; McMurray v. Stanley, 69 Tex. 227, 6 S.W. 412; Sherman v. Goodson's Heirs, Tex.Civ.App., 219 S.W. 839; West v. Glisson, Tex.Civ.App., 184 S.W 1042, writ refused; Moore v. Moore, Tex Civ.App., 198 S.W. 659, writ refused, Bohon v. Barrett's Ex'r, 79 Ky. 378; Girdler v. Girdler, Ky., 113 S.W. 835; Commonwealth ex rel. State Tax Commission v Willson's Adm'r, Ky., 21 S.W.2d 814; Williams v. Williams, 123 Va. 643, 96 S.E. 749; Plemmons v. Pemberton, 346 Mo. 45, 139 S.W.2d 910, 169 A.L.R., p. 69, sub. (4).

The testators' reason for wanting N. E. and A. C. Leopold to share in their bounty was plainly expressed, and laudable; and making them the beneficiaries of the will to be executed by the survivor was an act which both had the intention, will, and desire, if not the obligation, to perform.

■ The fact that the surviving spouse would have taken all the property had the other died intestate is not sufficient to show that the agreement as to the disposition of their property, if made, was without consideration. A consideration is found in the inducement held out by the one to the other to testate mutually, and the reciprocal bequests. 169 A.L.R., p. 32. Either could have willed his interest in the community property to whomsoever he pleased had not the mutual will been made; and the assurance each had of getting the property of the other, less that part incorporated in the bequests to be made by the survivor, was ample consideration for the agreement to make mutual disposition of their property. Indeed, it has been held that it is not necessary to constitute sufficient consideration for an agreement to make mutual wills that any advantage should result therefrom to

any of the testators, or the survivor of them, and the benefit may move exclusively to a third person. 69 C.J., p. 1301, sec. 2723, and note 67.

Among other authorities relied upon by appellees to support their contention that paragraph IV is precatory rather than mandatory are Ricketts v. Alliance Life Ins. Co., Tex.Civ.App., 135 S.W.2d 725, writ dismissed, judgment correct, and City of Corpus Christi v. Coleman, Tex.Civ.App., 262 S.W.2d 790, no writ history.

In the will construed in the Ricketts case there was a bequest in fee simple by the testatrix to her husband, followed by her statement that it was her "desire and request" that the property remaining at her husband's death, should he survive her, go to the "'M. E. Church of Spickard, Missouri.'" It was held that the husband took the fee simple title, because he was not deprived of discretion in the matter, "and for the further reason that the recommendation is uncertain." [135 S.W.2d 727.]

The alleged precatory words in the joint will of spouses construed in City of Corpus Christi v. Coleman, supra [262 S.W.2d 794], which followed a bequest in fee simple, were that testators "will and desire" that after the death of the survivor the estate remaining be disposed of by paying expenses of last will and interment, paying all debts, if any, and erecting a mausoleum, the balance to go to La Retama Public Library of Corpus Christi, a corporation to be formed in the future. The property was community and there were no children. The suit was for a declaratory judgment. The trial court found that there was no agreement between the testators to make a mutual will and that the survivor took the property in fee simple. This judgment was affirmed.

We do not think that the holding in either of the cases last cited is controlling in the case at bar. Even if it could be said that testators used precatory words in paragraph IV, the instrument satisfies the require-

ments that the intention must exist to make the recommendation imperative, there must be certainty as to the subject matter of the trust, and there must be certainty as to the beneficiaries of the trust. McMurray v. Stanley, 69 Tex. 227, 6 S.W. 412; 54 Am. Jur., p. 64, sec. 54.

The judgment is reversed and judgment here rendered for appellant A. C. Leopold for $5,000, and for appellants Mrs. Linna Leopold and Hutchings-Sealy National Bank of Galveston, as independent executrix and independent executor of the estate of N. E. Leopold, for $5,000, against appellees Lawrence Sochat, as independent executor of the estate of Caroline Leopold, and Lawrence Sochat, Hansi Sochat, and Helen Sauter, individually and as legatees under the will of Caroline Leopold. All costs incurred in this court and in the trial court are adjudged against appellees.

Reversed and rendered.