Espinola et al. v. Latting et ux.
















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-127-CV

     TERRY R. ESPINOLA D/B/A SOUTHERN
     SECURITY ASSOCIATES, SOUTHERN
     SECURITY ASSOCIATES, INC., AND
     HARVEY LYMAN EVANS,
                                                                                        Appellants
     v.

     HAROLD LATTING AND
     WANDA LATTING,
                                                                                        Appellees
 

From the 74th District Court
McLennan County, Texas
Trial Court # 95-2132-3
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Appellees filed suit for injuries and damages allegedly suffered after their minivan was struck
by a Ford Maverick as they were attempting to leave the parking lot of the apartment complex in
which they reside. According to the record, the Maverick was being driven by a man whom Waco
police officers were pursuing because they mistakenly believed he was a person wanted for
aggravated robbery. Appellant Harvey Lyman Evans was a security officer employed by
Appellant Southern Security Associates. Evans was patrolling a neighboring apartment complex
at the time of the pursuit. According to Evan’s deposition testimony, he shot at the Maverick with
his handgun after perceiving that the suspect was extending from the window a “shiny object”
which he believed to be a weapon. Moments later, the suspect’s Maverick collided with
Appellees’ minivan.
      Appellants filed a motion for summary judgment alleging that they are immune from civil
liability because Evans had been commanded by a Waco police officer to assist in the pursuit.


 
Appellees responded with a motion for partial summary judgment on the immunity issue asserting
that Evans joined the pursuit voluntarily rather than at the officer’s command. The court denied
both motions.
      Generally, the denial of a motion for summary judgment is a non-appealable interlocutory
order. Novak v. Stevens, 596 S.W.2d 848, 849 (Tex. 1980); Delta Airlines, Inc. v. Norris, 949
S.W.2d 422, 428 (Tex. App.—Waco 1997, writ filed). Appellants attempt to appeal from the trial
court’s interlocutory order on the basis of section 51.014(a)(5) of the Civil Practice and Remedies
Code, which provides that a person may appeal from an order that:
denies a motion for summary judgment that is based on an assertion of immunity by an
individual who is an officer or employee of the state or a political subdivision of the state.

Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5) (Vernon Supp. 1998).
      Although Appellants assert immunity in their motion for summary judgment, they concede
in the motion that Evans acted as a private citizen and not as an officer or employee of the Waco
Police Department during the pursuit of the suspect. Thus, the provisions of section 51.014(a)(5)
do not apply to the court’s denial of their motion. Cf. Gallia v. Schreiber, 907 S.W.2d 864, 867
(Tex. App.—Houston [1st Dist.] 1995, no writ).
      In Gallia, the appellee argued that the Houston court had no jurisdiction over the interlocutory
appeal because Gallia was not an employee of a political subdivision at the time of the incident
which gave rise to the underlying lawsuit. Id. The court held:
the issue of whether Gallia is actually an employee of the City of Shiner is relevant to
determining whether the affirmative defense of official immunity is applicable. However,
it is not determinative of whether Gallia may prosecute this appeal. Having invoked the
defense of official immunity, Gallia is entitled to have this Court review the trial court’s
denial of his summary judgment on that issue.

Id.
      The facts and holding of Gallia are distinguishable from the present case because the
uncontroverted summary judgment evidence in Gallia reflected that Gallia was employed as a part-time police officer at the time of the occurrence. Id. at 869. The uncontroverted summary
judgment evidence in this case reflects that Evans was not an officer or employee of the Waco
Police Department at the time of the occurrence in question.
      In conclusion, we hold that the provisions of section 51.014(a)(5) do not apply to a private
citizen asserting immunity from suit on the basis that he was acting at the command or request of
an officer or employee of the State or a political subdivision of the State.


 Therefore, the summary
judgment is interlocutory and not appealable. Accordingly, we dismiss this appeal for want of
jurisdiction.
                                                                               PER CURIAM

Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Dismissed for want of jurisdiction
Opinion delivered and filed June 10, 1998
Publish