In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00129-CR
______________________________

GARY LYNN ROBINSON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee

                                              

On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 14,710-96

                                                 

Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION
            On January 29, 1997, Gary Lynn Robinson pled guilty to two charges of aggravated assault. 
Pursuant to a plea agreement, the State dismissed a third charge and recommended that, in the two
remaining cases, Robinson be sentenced to twenty years' imprisonment. As part of the plea
agreement, the parties also agreed there would be no deadly weapon finding. The trial court found
Robinson's plea to be entered willingly, knowingly, intelligently, and voluntarily; the trial court then
accepted Robinson's plea; and the trial court expressed its intent to follow the parties' plea
agreement. However, at the parties' request, the trial court delayed imposing sentence until March 5,
1997. When the trial court reconvened March 5, 1997, Robinson moved to withdraw his earlier
guilty plea. The trial court denied Robinson's request and formally imposed the sentence previously
announced. In addition to the terms to be expected in the trial court's written judgment, the judgment
also recites that the court made an affirmative deadly weapon finding. The court's oral
pronouncement of judgment, however, contained no deadly weapon finding. 
            Last spring, the Texas Court of Criminal Appeals granted relief on Robinson's application
for writ of habeas corpus and awarded him an out-of-time appeal. See Ex parte Robinson, No. AP-75,155 (Tex. Crim. App. Apr. 27, 2005) (not designated for publication). Robinson now appeals,
urging two issues. We reform the trial court's judgment and, as reformed, affirm that judgment
because (1) denying Robinson's request to withdraw his guilty plea was not an abuse of discretion,
and (2) the judgment's affirmative deadly weapon finding was error. 
(1) Denying Robinson's Request to Withdraw His Guilty Plea Was Not an Abuse of Discretion
            "[W]hen the defendant decides to withdraw his or her guilty plea after the trial court takes
the case under advisement or pronounces judgment, the withdrawal of such plea is within the sound
discretion of the trial court." Grant v. State, 172 S.W.3d 98, 100 (Tex. App.—Texarkana 2005, no
pet.) (citing Jackson v. State, 590 S.W.2d 514, 515 (Tex. Crim. App. [Panel Op.] 1979)). A trial
court abuses its discretion if it acts without reference to guiding rules or principles, or if the court's
decision is outside the zone of reasonable disagreement. Grant, 172 S.W.3d at 100.
            In this case, the trial court delayed sentencing at the request of the parties to allow for the
preparation of a presentence investigation report. This procedure is consistent with taking the case
under advisement. See, e.g., Jackson, 590 S.W.2d at 515; Thompson v. State, 852 S.W.2d 268,
269–70 (Tex. App.—Dallas 1993, no pet.). Robinson asserted at the March 5 hearing that his guilty
plea had been rendered involuntary because, when he entered the plea, he was under the influence
of pain medication. Robinson's own testimony is the only evidence in the record supporting this
claim.
            The trial judge at the March 5 hearing was, however, the same judge who had presided at
Robinson's earlier plea, had witnessed Robinson's demeanor at the earlier plea proceeding, and had
inquired of Robinson at the earlier plea hearing whether his plea was knowingly and intelligently
entered. As the trial court was the exclusive arbiter of witness credibility and was in the best
position to evaluate Robinson's testimony, the trial court was free to accept or discredit Robinson's
claim. Cf. Diaz v. State, 516 S.W.2d 154, 156 (Tex. Crim. App. 1974) (in revocation proceeding,
trial court exclusive judge of witness credibility). It is quite possible that the trial court, in recalling
the earlier plea proceeding, did not believe Robinson's March 5 testimony. We do not believe such
a conclusion would be outside the zone of reasonable disagreement, especially since there is scant
additional evidence. Thus, the record before us does not support Robinson's claim that the trial court
abused its discretion by denying the motion to withdraw the guilty plea. We overrule Robinson's
first point of error.
(2) The Judgment's Affirmative Deadly Weapon Finding Was Error
            With respect to Robinson's second point of error, the State properly concedes the trial court's
judgment erroneously contains an affirmative finding that Robinson used or exhibited a deadly
weapon during the commission of the underlying offense. We agree and reform the trial court's
judgment by deleting the deadly weapon finding. Cf. Williams v. State, 970 S.W.2d 566 (Tex. Crim.
App. 1998) (reforming judgment proper remedy for correcting erroneous deadly weapon finding).
 
 
 
 
 
            As reformed, the trial court's judgment is affirmed.

                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          January 19, 2006
Date Decided:             January 24, 2006

Do Not Publish

t is present in the cases that are found to be
contractual is not present in this case. Specifically, there is no provision in this will providing
disposition of property "upon the death of the survivor" or words to that effect. Each of the cases
cited by the majority in its opinion have such language. See Novak v. Stevens, 596 S.W.2d 848, 851
(Tex. 1980) ("upon the death of such survivor"); Murphy v. Slaton, 154 Tex. 35, 273 S.W.2d 588,
590 (1954) ("upon the death of such survivor"); Harrell v. Hickman, 147 Tex. 396, 215 S.W.2d 876,
877 (1948) ("[a]fter the death of both of us"); Nye v. Bradford, 144 Tex. 618, 193 S.W.2d 165, 166
(1946) ("upon the termination of the life estate of the survivor of us"); In re Estate of Johnson, 781
S.W.2d 390, 391 (Tex. App.-Houston [1st Dist.] 1989, writ denied) ("upon the surviving testator's
death"); Trlica v. Bunch, 642 S.W.2d 540, 542 (Tex. App.-Dallas 1982, no writ) ("or after the death
of both of us"); Fisher v. Capp, 597 S.W.2d 393, 395 (Tex. Civ. App.-Amarillo 1980, writ ref'd
n.r.e.) ("when the last survivor of this union shall have been claimed by death"); Knolle v. Hunt, 551
S.W.2d 755, 758 (Tex. Civ. App.-Tyler 1977, writ ref'd n.r.e.) ("at the death of the survivor of us").

 A similar clause is not present in this will. The residuary clause does not contain a further
disposition of property at the death of the survivor. This Joint Will expresses that the remainder of
"our property" is devised in equal shares to our children "at the time of our death."

 That clause expresses the intention of each party to make such a disposition of the residue
of his or her property, but it does not bind the parties contractually. A secondary disposition after
the death of the last survivor is simply not present. The first testator to die has not exercised control
over his or her property and "the property . . . of the survivor." Fisher, 597 S.W.2d at 399 (emphasis
added).

 Without the disposition after the death of the survivor or any extrinsic evidence, I believe that
the evidence does not establish a contractual will, and I therefore respectfully dissent.

 Jack Carter

 Justice

Date Submitted: May 14, 2003

Date Decided: June 13, 2003
1. A joint and mutual will must be the will of two or more persons contained in a single
testamentary instrument, jointly executed by them pursuant to an agreement to dispose of their
respective estates to each other or to third parties. In re Estate of Johnson, 781 S.W.2d 390, 392
(Tex. App.-Houston [1st Dist.] 1989, writ denied). It is undisputed that the Joint Will constitutes
a joint will.
2. Section 59A of the Texas Probate Code requires that wills drafted after September 1, 1979,
can only be contractual if the language of the will expressly provides such. Tex. Prob. Code Ann.
 59A (Vernon 2003). Because the will in question was drafted before 1979, that section is
inapplicable. 
3. The dissent concludes that because the Osbornes' joint will did not contain an explicit phrase
such as "on the death of the survivor," the joint will was not contractual. The Texas Supreme Court
in Novack v. Stevens, 596 S.W.2d 848, 852-53 (Tex. 1980), in deciding that joint will was
contractual, read the will as a whole and did not focus on the presence of any particular phrase
containing the word "survivor," but determined that the will "was executed to effect a planned
disposition of 'all the estate of every description, real, personal, or mixed which either or both of us
may own at our death.'" Id. at 852. That same court, in Weimers v. Weimers, 683 S.W.2d 355, 356
(Tex. 1984), focused on "George and Ida's joint will and desire to distribute 'the whole of our real
estate,'" not the presence of the phrase "upon the death of the survivor." Finally, in the latest word
from the Texas Supreme Court on the subject, Odeneal v. Van Horn, 678 S.W.2d 941 (Tex. 1984),
found another joint will contractual. Admittedly, the Van Horn will also had language about "upon
the death of the survivor," but, again the court seemed less concerned about that phrase than about
other language indicative of the overall intent of the testators. The court stated as follows:

 A joint will is contractual if it is executed by both parties and sets forth a
comprehensive plan to dispose of all the property of both parties. Novak v. Stevens,
596 S.W.2d 848 (Tex. 1980). The Van Horn will sets forth a plan to dispose of "all
property, real, personal and mixed, both community and separate."

 This language is sufficient to show on its fact that Parkes and Virginia Van
Horn executed their joint will pursuant to an agreement as to the distribution of their
property.

Id. at 942 (Emphasis added.) Though the Osbornes did not use the phrase desired by the dissent, the
words they chose had the same effect of disposing of all their property on the death of the survivor. 
We believe that is sufficient under the standard set out by the Texas Supreme Court to render their
joint will contractual.