# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00003-CV

**Carolyn Barnes, Appellant**

**v.**

**University Federal Credit Union and Government Employees Insurance Company/ GEICO Insurance, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT NO. D-1-GN-08-003727, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Carolyn Barnes appeals from the trial court's order granting summary judgment in favor of appellees University Federal Credit Union (UFCU) and Government Employees Insurance Company (GEICO). Barnes also appeals from the trial court's order of severance. We affirm both the summary judgment and the order of severance.

## BACKGROUND

In 2004, Barnes obtained a loan for $14,066 from UFCU, using two personal vehicles as collateral. As part of the loan agreement, Barnes signed a document entitled, "Agreement to Provide Insurance," which included the following language: "I understand that one of the lender's requirements is that I provide adequate insurance coverage on the property securing my loan. This insurance must at least provide comprehensive and collision coverage. The policy must contain a loss payable clause endorsement naming the lender as lienholder."

From March 25, 2005 to June 17, 2005, UFCU sent Barnes a number of letters requesting a copy of the required comprehensive and collision insurance policy on the two vehicles. In the last of these letters, UFCU stated, "If we do not receive evidence of insurance meeting our requirements, collateral protection insurance (CPI) may be issued through our insurance program." The letter went on to state that if CPI is issued, the premium will be added to the loan balance. Barnes did not provide the required proof of insurance in response to these notices. Barnes's insurance policy statements from the relevant time period indicate that she had liability coverage on the vehicles, but did not have comprehension or collision coverage and had not named UFCU as a lienholder as required.[1] On July 6, 2005, Barnes called UFCU to ask about paying off the loan in anticipation of selling one of the vehicles. At that time, she learned that CPI had been issued and that premiums in the amount of $1,600 had been added to the loan balance.[2] The next day, UFCU sent Barnes written notice regarding the CPI and the $1,600 in premiums.

Barnes filed suit against UFCU and GEICO, her insurance carrier, for breach of contract, fraud, deceptive trade practices, negligence, and gross negligence.[3] She also brought claims specifically against UFCU for fraud in the inducement and "unconscionable contract of adhesion." She took the position that GEICO had misled her regarding the scope of her coverage and had

[1] Barnes also had personal injury protection and uninsured motorist coverage for each vehicle.

[2] This amount represented a $1,030 premium for one vehicle and a $570 premium for the other.

[3] There appears to have been some dispute in the trial court as to whether GEICO was properly named as Barnes's insurance carrier, or whether a related entity, Colonial County Mutual Insurance Company, should have been named as the insurance carrier. The parties do not address this issue on appeal, so we will assume that GEICO was properly named.

conspired with UFCU to wrongfully charge her the $1,600 premium. Barnes later amended her petition to add claims for retaliation, defamation, invasion of privacy, malice, and intentional infliction of emotional distress.

Barnes requested and obtained a temporary restraining order preventing GEICO or UFCU from taking any action to collect on the loans or from reporting her to a credit agency until a hearing could be held on her request for a temporary injunction. After a hearing, the trial court dissolved the temporary restraining order and denied Barnes's request for a temporary injunction. Over the course of the litigation, a number of discovery disputes arose between the parties, leading to numerous motions to compel and requests for sanctions on both sides.

On April 5, 2006, UFCU sent Barnes a settlement proposal, stating that in return for $8,000, UFCU would consider the relevant loans to be paid in full, release the liens on her vehicles, and forego collection of any late fees, penalties, interest, or attorneys' fees.[4] The proposal further states, "UFCU and Barnes will execute reasonable and mutually agreeable full releases and other settlement documentation necessary to fully resolve and dismiss the current proceedings." In response, Barnes sent UFCU a cashier's check for $8,000, accompanied by a letter stating, "I am in receipt of your extortion demand with threats of additional economic and financial terrorism if I do not comply with your demands. This ransom and extortion money is being paid under extreme economic and financial duress and not because it is due and owing." The letter goes on to state that the funds were being tendered "with all rights reserved." UFCU then sent notice that it would not accept Barnes's check unless she signed a release of all claims. Barnes did not sign a release, and

---

[4] According to Barnes, the principal balance on the two loans, exclusive of fees, interest, and the CPI premiums, was $7,328.80 at the time of the settlement offer.

3

UFCU declined to negotiate the $8,000 check. Barnes filed UFCU's letter with the trial court as a Rule 11 Agreement, although the filed letter does not include Barnes's signature. On June 26, 2006, Barnes filed a "supplemental original petition," alleging that UFCU had breached the parties' Rule 11 agreement by proceeding with litigation after receiving her cashier's check for $8,000.

On July 5, 2006, the trial court granted UFCU's motion to compel and for sanctions against Barnes, assessing her $500 in sanctions related to discovery abuses. Eventually all parties filed motions for summary judgment, and a summary-judgment hearing was held on December 21, 2006.

On January 24, 2007, the trial court issued an order on summary judgment, granting GEICO's and UFCU's motions in part, denying them in part, and denying Barnes's motion. Specifically, the trial court granted summary judgment in favor of UFCU on all of Barnes's claims other than breach of contract[5] and granted summary judgment in favor of GEICO on all of Barnes's claims other than deceptive trade practices.[6]

Additional summary judgment motions and supplemental pleadings were then filed, and on October 17, 2007, GEICO filed a motion to sever the causes of action resolved by the trial court's order granting partial summary judgment. Barnes filed a response in opposition to the motion to sever and sought sanctions against GEICO for filing the motion.

---

[5] It is not clear from the trial court's order whether the denial of summary judgment as to Barnes's breach-of-contract claim referred to the alleged breach of the loan agreement or to the alleged breach of the Rule 11 agreement. At the jury trial on the non-severed claims, Barnes was allowed to proceed on both claims, so we will assume that summary judgment was denied as to both.

[6] In addition, the trial court denied UFCU's motion for summary judgment with respect to its counterclaims against Barnes for breach of contract, quantum meruit, unjust enrichment, and conversion. Barnes's no-evidence motion on UFCU's counterclaims was also denied.

4

In November 2007, the trial court placed the matter on the docket of cases to be dismissed for want of prosecution. Barnes filed a motion to retain, which the trial court granted over the opposing parties' objections. In September 2008, UFCU and GEICO filed a joint motion to dismiss on the grounds that Barnes had not taken steps to schedule and complete mediation as required in the order of retention. At the hearing on the motion to dismiss, the trial court entered an order of severance, severing out those causes of action that had already been decided on summary judgment and assigning them to cause number D-1-GN-08-003727, the cause number giving rise to this appeal. The order of severance also included the following language: "It is further ORDERED that the only remaining issues in this existing litigation are Plaintiff's claims for Deceptive Trade Practices Act against [GEICO] and breach of contract against [UFCU]." The order of severance had the effect of making the trial court's grant of summary judgment final and appealable, and this appeal followed. *See Pierce v. Reynolds*, 329 S.W.2d 76, 78-79 (Tex. 1959) ("A judgment which fully adjudicates one of the severed causes is appealable even though the entire controversy as it existed prior to the severance is not determined thereby.").

In four issues on appeal, Barnes argues that the trial court erred by (1) granting the motion to sever, (2) denying her motion for summary judgment, (3) assessing discovery sanctions against her in the amount of $500, and (4) granting summary judgment in favor of UFCU and GEICO.

## STANDARD OF REVIEW

Severance of claims under the Texas Rules of Civil Procedure rests within the sound discretion of the trial court. *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996) (orig. proceeding); *see also* Tex. R. Civ. P. 174. A claim is properly severable if (1) the controversy

involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. *Guaranty Fed. Savs. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990) (op. on reh'g). An order of severance is reviewable on appeal, but we will not disturb the trial court's decision to grant a severance absent an abuse of discretion. *Id.*

We review a trial court's imposition of sanctions for an abuse of discretion. *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004). The ruling will be reversed only if it was arbitrary or unreasonable. *Id.* at 839.

Summary judgments are reviewed de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To prevail on a motion for summary judgment, the movant must show that there is no issue of material fact and that it is entitled to judgment as a matter of law. *TX Far West, Ltd. v. Texas Invs. Mgmt., Inc.*, 127 S.W.3d 295, 301 (Tex. App.—Austin 2004, no pet.). Evidence favorable to the non-movant is taken as true and every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Id.* In reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the non-movant to determine whether more than a scintilla of probative evidence was presented to raise a genuine issue of material fact. *See Perdue v. Patten Corp.*, 142 S.W.3d 596, 604 (Tex. App.—Austin 2004, no pet.). When the evidence supporting a finding rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions, more than a scintilla of evidence exists. *See id.*

6

**DISCUSSION**

*Procedural Posture of this Appeal*

As a preliminary matter, we address the procedural posture of this appeal. The record and briefs filed in this appeal identify the trial court's cause number as D-1-GN-05-003010. However, at the time this appeal was filed, there was no final and appealable judgment in cause number D-1-GN-05-003010. Barnes's notice of this appeal states that she seeks to appeal from the order of severance and, if the order of severance is upheld, from those summary-judgment rulings deemed final and appealable as a result of the severance. Thus, the trial court cause number giving rise to this appeal is D-1-GN-08-003727, the cause number that was created by the trial court in the order of severance and to which the claims resolved by summary judgment were assigned.[7]

*Order of Severance*

In her first issue on appeal, Barnes argues that the trial court erred in issuing the order of severance because the severed causes of action are so interwoven with the remaining claims that they involve the same facts and issues. *See Horseshoe Operating*, 793 S.W.2d at 658. Specifically, the severed causes of action were Barnes's claims against GEICO and UFCU for fraud, negligence, gross negligence, retaliation, defamation, invasion of privacy, malice, and intentional infliction of emotional distress, as well as her claims against UFCU for "unconscionable contract of adhesion," deceptive trade practices, and fraud in the inducement, and her claim against GEICO for breach of

---

[7] A final and appealable judgment in D-1-GN-05-003010 was signed on October 9, 2009. Barnes's appeal from that judgment is currently pending before this Court as appellate cause number 03-10-00147-CV. We have granted Barnes's motion to allow the record in this appeal to also serve as the record in 03-10-00147-CV, subject to any necessary supplementation.

7

contract. Barnes's breach of contract claim against UFCU and deceptive trade practices claim against GEICO both remained pending in the original cause, trial court cause number D-1-GN-08-003010, and ultimately went to trial.

Barnes argues that the severed claims involve the same facts and issues as the non-severed claims, and therefore that the trial court abused its discretion in ordering a severance. However, our forthcoming discussion on the merits of the summary judgment confirms that the severed claims implicate different issues and require proof of different elements than those claims that survived summary judgment. In addition, many of the severed claims, including retaliation, invasion of privacy, and malice, do not represent valid causes of action in the manner that Barnes has pleaded them. The purpose of granting a severance is to ensure justice is done, prejudice is avoided, and convenience is furthered. *City of Dallas v. Redbird Dev. Corp.*, 143 S.W.3d 375, 386 (Tex. App.—Dallas 2004, no pet.). Given the trial court's broad discretion in matters of severance, as well as the underlying purpose of allowing a severance, we cannot conclude that the order to sever in this case was an abuse of discretion. *See Horseshoe Operating*, 793 S.W.2d at 658. For that matter, even if the order of severance was issued in error, it is not readily apparent what remedy would be available. There would be no practical effect to reversing the order, as the severed claims have been resolved on summary judgment and final judgment has been entered based on a jury verdict as to the non-severed claims.

Barnes also contends that the severance order was issued in violation of due process because she did not have prior notice that the motion to sever would be taken up during the hearing on the joint motion to dismiss. While the trial court did address the motion to sever during a hearing

8

on a different motion, Barnes was not deprived of a reasonable opportunity to respond to the motion to sever, as she had previously filed a response and objections to the motion. Further, despite her lack of prior notice that the motion to sever would be addressed at the hearing, Barnes did attend and present argument in opposition to the severance. Because Barnes had notice that the motion to sever was pending and had an opportunity to file written objections, we conclude that no violation of due process occurred. *See Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84 (1988) (holding that in a proceeding "which is to be accorded finality," due process requires notice that is reasonably calculated to apprise interested parties of pendency of action and afford them opportunity to present objections).[8]

Finally, Barnes argues that the trial court's order improperly severed certain claims that she had raised for the first time in supplemental pleading after the order granting summary judgment was issued. Barnes's first, second, and third supplemental petitions raise new claims of breach of fiduciary duty and breach of fair debt collection laws. The record in this appeal includes a transcript of the August 2009 jury trial on Barnes's non-severed causes of action. This transcript reflects that the trial court determined that Barnes was entitled to proceed at trial on claims that were raised for the first time after the summary judgment order.[9] Therefore, even if the order of severance

---

[8] It is not abundantly clear that the due-process requirements of *Peralta* even apply to this case, as it is the trial court's order on summary judgment, rather than the order of severance, that "is to be accorded finality" for purposes of the severed claims. The order of severance merely rendered the summary-judgment order final and appealable.

[9] We note that UFCU also proceeded at trial on its counterclaims against Barnes.

improperly severed claims that had not been resolved on summary judgment, that issue was remedied when the trial court permitted Barnes to proceed with those claims at trial.

We overrule Barnes's first issue on appeal.

*Barnes's Motion for Summary Judgment*

In her second issue on appeal, Barnes argues that the trial court erred in denying her motion for summary judgment with respect to her claims related to breach of the Rule 11 agreement. Absent certain exceptions not applicable here, the denial of a motion for summary judgment is interlocutory and cannot be appealed. *See Novak v. Stevens*, 596 S.W.2d 848, 849 (Tex. 1980). This is not a situation where the parties filed cross-motions for summary judgment and the trial court granted one and denied the other, in which case we would review all summary-judgment evidence and determine all questions presented. *See Texas Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 648 (Tex. 2004). While UFCU's summary-judgment motion did address Barnes's Rule 11 claims in its discussion of the breach-of-contract claim, UFCU's motion was denied as to the breach-of-contract claim. As a result, Barnes's claims related to the Rule 11 agreement were not disposed of on summary judgment and therefore could not have been rendered final and appealable by the order of severance.[10] Furthermore, our review of the August 2009 trial

---

[10] While the record is less than clear, it appears that Barnes's motion for summary judgment on her Rule 11 claims was filed on September 19, 2006, heard on October 23, 2006, and denied by an order on March 7, 2007. Thus, Barnes's request for summary judgment on her Rule 11 claims was not even addressed in connection with the summary judgment proceeding before us in this appeal. The order of severance states that "Plaintiff's Motion for Summary Judgment" should be included in the record for cause number D-1-GN-08-003727. Presumably, this refers to Barnes's no-evidence motion on UFCU's counterclaims, which was filed December 4, 2006, and denied by the trial court in the same January 24, 2007 order that granted in part and denied in part UFCU's and GEICO's motions for summary judgment.

transcript in the non-severed action reflects that Barnes proceeded at trial on her claims related to breach of the Rule 11 agreement. As a result, we cannot address the denial of her motion for summary judgment on that issue.

*Discovery Sanctions*

In a third issue on appeal, Barnes argues that the trial court erred in issuing a discovery order dated July 5, 2006, granting UFCU's motion to enforce and assessing $500 in sanctions against Barnes. The July 5, 2006 discovery order was issued in trial court cause number D-1-GN-08-003010. This appeal is limited to those matters that were severed to trial court cause number D-1-GN-08-003727 by the order of severance. Thus, we cannot address Barnes's issue related to the sanctions order in this appeal. The sanctions order may, however, be properly addressed in Barnes's appeal from the final judgment in cause number D-1-GN-08-003010, currently pending before this Court as appellate cause number 03-10-00147-CV, assuming it is properly raised in appellate briefing.

*Summary Judgment*

In her fourth issue on appeal, Barnes argues that the trial court erred in granting summary judgment in favor of UFCU and GEICO on the severed claims. GEICO filed a motion for summary judgment on Barnes's claims for deceptive trade practices, fraud, breach of contract, negligence, gross negligence, retaliation, defamation, invasion of privacy, malice, and intentional infliction of emotional distress, asserting that there was no issue of material fact and that Barnes could not prove her claims as a matter of law. UFCU moved for summary judgment on both

traditional and no-evidence grounds on Barnes's claims for breach of contract, fraud, fraud in the inducement, deceptive trade practices, negligence, gross negligence, retaliation, defamation, invasion of privacy, malice, intentional infliction of emotional distress, and "unconscionable contract of adhesion." *See* Tex. R. Civ. P. 166a(c), (i).

In reviewing a summary judgment, we must take all evidence favorable to the non-movant as true and indulge every reasonable inference in favor of the non-movant. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). Viewing the record in this light, the evidence reflects that Barnes signed an agreement to obtain comprehensive and collision insurance on two vehicles used as collateral for a loan from UFCU. Subsequently, a representative of GEICO informed Barnes that she had "full coverage," when in fact she did not have comprehensive or collision coverage on the vehicles in question. Barnes's policy documents, attached to GEICO's motion for summary judgment, indicate that her policy covered bodily injury liability, property damage liability, uninsured motorist bodily injury and property damage, and personal injury protection, but did not include comprehensive or collision coverage. The documents further reflect that no lienholder was named on the policy. Based on the inadequate insurance coverage, UFCU issued retroactive insurance and charged Barnes $1,600 in premiums. Barnes's evidence in response to UFCU's and GEICO's motions for summary judgment consists primarily of her own 25-page affidavit, detailing her allegations. While self-serving affidavits are not necessarily improper summary-judgment evidence, affidavits consisting only of conclusions are insufficient to raise an issue of fact. *See Trico Techs. Corp. v. Montiel*, 949 S.W.2d 308, 310 (Tex. 1997); *Life Ins. Co. of Va. v. Gar-Dal, Inc.*, 570 S.W.2d 378, 382 (Tex. 1978). Barnes also relies on letters of complaint

12

that she wrote to UFCU, her own testimony at prior hearings, and documentation regarding the rates she paid for car insurance from a new insurance carrier after leaving GEICO.

The trial court determined that the only claims for which questions of fact existed were the claims that UFCU breached the loan agreement and/or the parties' Rule 11 agreement, and the claim that GEICO committed deceptive trade practices. We agree that the summary-judgment record contains no evidence of a defamatory statement that would support her defamation claim, no evidence of any actionable invasion of privacy, and no evidence of the type of extreme and outrageous conduct necessary to support a claim of intentional infliction of emotional distress. *See Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006) (holding that in order to support claim of intentional infliction of emotional distress, conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community") (quoting *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993)).

The summary-judgment record also contains no evidence that UFCU committed fraud. With respect to Barnes's fraud claim against GEICO, there is no summary-judgment evidence that GEICO's statement regarding Barnes's insurance coverage was made with knowledge of its falsity or made recklessly without knowledge of its truth. *See Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001) (elements of common-law fraud). Barnes maintains that GEICO told her she had "full coverage." While this statement may have been misleading as to the extent of her coverage, there is no evidence that it was made with knowledge of its falsity or

13

made recklessly without any knowledge of the truth.[11]  For that matter, there is no summary-judgment evidence that this statement was definitively false, as Barnes did have liability insurance in excess of the minimum requirements imposed by the State of Texas.

With respect to the negligence and gross negligence claims, Barnes has presented no evidence that UFCU breached any duty imposed by law, as opposed to a duty imposed solely by the contract. *See Southwestern Bell Tel. Co. v. Delanney*, 809 S.W.2d 493, 495 (Tex. 1991) (where duty arose solely from contract, claim for breach of that duty sounded in contract, rather than tort).  As for the negligence claims against GEICO, the summary-judgment evidence, specifically the insurance policy documents clearly noting the absence of collision and comprehensive insurance, negates the element of foreseeability as a matter of law.  *See Doe v. Boys Clubs*, 907 S.W.2d 472, 477 (Tex. 1995) (stating that proximate cause, which includes component of foreseeability, is required element of negligence).  *But see id.* at 481 ("For DTPA claims, the plaintiffs need only show producing cause, and need not establish that the harm was foreseeable.") (internal citation omitted).  To prove foreseeability, a plaintiff must establish that a person of ordinary intelligence should have anticipated the danger created by the negligent act.  *Id.* at 478.  The law presumes that a party to a contract has read and understood the contract.  *See American Employers' Ins. Co. v. Aiken*, 942 S.W.2d 156, 161 (Tex. App.—Fort Worth 1997, no writ).  Thus, it would not have been reasonably foreseeable that based on a statement that she had "full coverage," Barnes would ignore her insurance policy statements indicating that she did not have collision and comprehensive

---

[11]  For purposes of Barnes's deceptive trade practices claim against GEICO, Barnes was not required to establish that GEICO had an intent to misrepresent the scope of her coverage or that GEICO had knowledge that its representation was untrue.  *See Eagle Props., Ltd. v. Scharbauer*, 807 S.W.2d 714, 724 (Tex. 1990).

14

coverage, and that she would then suffer damages in the form of retroactive collateral insurance premiums.

Barnes presented no evidence that UFCU employed trickery or artifice to convince her to execute the loan agreement as required to prevail on her claim for fraud in the inducement. *See Caraway v. Land Design Studio*, 47 S.W.3d 696, 698 (Tex. App.—Austin 2001, no pet.). Her claim for deceptive trade practices against UFCU also fails as a matter of law because lending activities do not constitute goods or services that would trigger the protections of the Texas Deceptive Trade Practices Act, unless the goods or services ultimately sought by the borrower form the basis of the complaint. *See Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 174-75 (Tex. 1980); *see also Walker v. FDIC*, 970 F.2d 114, 123 (5th Cir. 1992). Because Barnes does not allege any complaint regarding the goods she sought to acquire with the loan proceeds, she is not a "consumer" subject to statutory protection in connection with her transaction with UFCU. *See id.* Further, Barnes produced no evidence of any breach of contract by GEICO. Finally, Barnes's remaining claims of "unconscionable contract of adhesion," retaliation,[12] and malice do not appear to be independent causes of action under Texas law.

Barnes also argues that the trial court erred in granting no-evidence summary judgment because she had not yet had adequate time for discovery at the time the motion was granted. A no-evidence motion is only proper after there has been "adequate time for discovery." Tex. R. Civ. P. 166a(i). We review a trial court's determination that an adequate time for discovery has passed under an abuse-of-discretion standard. *Madison v. Williamson*, 241 S.W.3d 145, 155

---

[12] While statutory causes of action for retaliation do exist in the employment context, no employer/employee relationship is implicated here. *See, e.g.*, Tex. Health & Safety Code Ann. § 161.134 (West 2001).

15

(Tex. App.—Houston [1st Dist.] 2007, pet. denied). In the present case, litigation had been ongoing for over a year before the no-evidence motion was filed. It is clear that discovery was conducted during that time, as the record contains a number of UFCU's and GEICO's responses to Barnes's discovery requests. While the case appears to have been plagued with discovery disputes, the record before us reflects that these disputes were resolved by the trial court in favor of UFCU and GEICO, twice resulting in sanctions against Barnes. Given this procedural history, we cannot say that the trial court erred in determining that an adequate time for discovery had passed to rule on a no-evidence motion for summary judgment.

Based on the foregoing, we hold that the trial court did not err in granting summary judgment in favor of UFCU and GEICO on the severed claims. We overrule Barnes's fourth issue on appeal.

## CONCLUSION

We affirm the summary judgment and the order of severance.

_____

Diane M. Henson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:  May 27, 2010

16