**DISMISS and Opinion Filed January 23, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-01281-CV

**DWIGHT BELL AND DEBORAH BELL, Appellants**
**V.**
**KAREN LYNN HARRIS, Appellee**

### On Appeal from the 296th Judicial District Court
### Collin County, Texas
### Trial Court Cause No. 296-00107-2014

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Lang-Miers and Stoddart
Opinion by Chief Justice Wright

In a letter dated October 28, 2014, the Court questioned its jurisdiction over the appeal because there did not appear to be an appealable order. At this Court's request, appellants filed a letter brief addressing this Court's jurisdictional concern. Appellee did not file a response to appellant's jurisdictional brief.

Generally, this Court has jurisdiction only over appeals from final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A final judgment is one that disposes of all pending parties and claims. *See id.*

Appellants are appealing the trial court's order denying their motion for summary judgment. Generally, the denial of a motion for summary judgment is an interlocutory order not reviewable on appeal. *See Novak v. Stevens,* 596 S.W.2d 848, 849 (Tex. 1980). In their

jurisdictional brief, appellants contend that this Court has jurisdiction pursuant to sections 51.014(a)(5) & (d). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(5) & (d) (West Supp. 2014). Section 51.014(a)(5) concerns the denial of a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(5). This case does not involve an assertion of immunity. Section 51.014(d) concerns permissive appeals. The first prerequisite to having a permissive appeal, however, is a written order from the trial court permitting the appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d). The record before this Court does not contain the required written order from the trial court permitting the appeal. Finally, appellants contend in their brief that this Court has authority over this appeal pursuant to the federal statute allowing removal of claims from state court to federal court. *See* 28 U.S.C. § 1441. This statute does not provide this Court with jurisdiction over this appeal.

An order denying a motion for summary judgment is an interlocutory order not reviewable on appeal. *See Novak*, 596 S.W.2d at 849. Appellants have not obtained a written order from the trial court permitting an appeal of this interlocutory order. Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

141281F.P05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

–2–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DWIGHT BELL AND DEBORAH BELL, Appellants

No. 05-14-01281-CV     V.

KAREN LYNN HARRIS, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas.
Trial Court Cause No. 296-00107-2014.
Opinion delivered by Chief Justice Wright.
Justices Lang-Miers and Stoddart, participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee KAREN LYNN HARRIS recover her costs of this appeal from appellants DWIGHT BELL AND DEBORAH BELL.

Judgment entered January 23, 2015.